[No. 9606.   Department One. — December 9, 1886.]

HOWARD W. BROWN, RESPONDENT, v. W. H. WEL-
DON, APPELLANT.

PROMISSORY NOTE — ACTION ON — PLEADING — ADMISSION OF EXECUTION
AND GENUINENESS. — The action was brought on a promissory note,
which was set forth *in hæc verba* in the complaint. The answer was un-
verified, and consisted of a general denial. On the trial the plaintiff
offered no evidence of the execution of the note. *Held*, that the evi-
dence was unnecessary, as the genuineness and due execution of the note
were admitted, and that *prima facie* it was made when and where it bore
date.

ID. — SUFFICIENCY OF COMPLAINT. — The complaint although inartificially
drawn, *held*, to state a cause of action, and not to be ambiguous or
uncertain.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order refusing a new trial.

The action was brought on a promissory note. The
complaint was unverified, and alleged that the defendant
was indebted to the plaintiff in the sum of $765 upon a
promissory note, set forth *in hæc verba*, made by the de-
fendant to Mrs. L. H. Brown, dated at Oakland on the
5th of January, 1878, and then and there delivered to
her; that afterwards and before the note became due,
Mrs. L. H. Brown, for a valuable consideration, sold and
transferred it to the plaintiff, by an indorsement on its
back, and delivered the same to him. The complaint
further alleged that the plaintiff was the owner and
holder of the note; that the same was long past due and
owing to him; that there was due and owing on it the
sum of $500, and interest thereon from date at one per
cent per month, amounting to the full sum of $765, no
part of either principal or interest having been paid.
The defendant demurred to the complaint on the grounds:
1. That it did not state facts sufficient to constitute a
cause of action; and 2. Because it was ambiguous, un-
intelligible, and uncertain in not stating when or where

the note was made, or that the defendant ever promised to pay the same or any part thereof. The demurrer was overruled, whereupon the defendant answered, denying generally the allegations of the complaint, and alleging want of consideration, and that the note was not made in California, and that the action was barred by the statute of limitations. The answer was unverified. The court found in favor of the plaintiff, and judgment was entered accordingly. On the trial the plaintiff rested his case without offering any evidence to prove the execution of the note. The defendant thereupon moved for a nonsuit, which was denied. The further facts are stated in the opinion of the court.

*Gibson & Whitmore*, for Appellant.

*H. P. Brown*, for Respondent.

McKINSTRY, J.—The complaint is inartificially and loosely drawn. But we do not think it fails to state a cause of action. Nor is it subject to demurrer as ambiguous or uncertain. But it so far departs from established precedents, and so nearly approaches the line which separates pleading which may be tolerated though not approved from pleading radically defective, that we refuse to treat this appeal as frivolous.

Defendant's motion for a nonsuit was properly denied. The genuineness and due execution of the promissory note were admitted. (Code Civ. Proc., sec. 447.) *Prima facie* it was made when and where it bore date.

The findings are sufficient.

Judgment and order affirmed.

MYRICK, J., and THORNTON, J, concurred.