[No. 19250.    Department Two.—June 27, 1894.]

## HENRY L. RYAN ET AL., APPELLANTS, v. BURKILL JACQUES ET AL., RESPONDENTS.

CORPORATIONS—ACTION BY JUDGMENT CREDITOR TO ENFORCE UNPAID SUB-
SCRIPTIONS OF STOCK—PLEADING—JOINDER OF CAUSES.—An action may
be brought by a judgment creditor against several stockholders in a cor-
poration to subject an alleged balance remaining unpaid to the corporation
upon the stock held by the defendant in satisfaction of a judgment recov-
ered by the plaintiff against the corporation; and a complaint averring
the several amounts of stock held by each defendant, and of unpaid sub-
scriptions due from each, does not show a misjoinder of parties or causes
of action, and is sufficient as against a general demurrer.

ID.—UNCERTAINTY—AMBIGUITY—FAILURE TO DEMUR SPECIALLY.—Where
the complaint states facts showing the liability of the defendants, the
complaint must be sustained, notwithstanding they are imperfectly
stated, or not stated with the clearness and precision which good plead-
ing requires, where no special demurrer for uncertainty or ambiguity is
interposed.

ID.—CONSTRUCTION OF PLEADING.—In the absence of a special demurrer, if
a complaint or any allegation of the complaint is capable of different
constructions, that which the plaintiff gives it, or which the court finds
necessary to support the action will be given, and the pleading must be
construed for the purpose of determining its effect with a view to sub-
stantial justice between the parties.

ID.—CERTAINTY—PLEADING—FINDINGS.—In the absence of a special de-
murrer that is pleaded with sufficient certainty, which is capable of
being sufficiently ascertained from the complaint, and that which is suf-
ficiently certain in findings will be sufficiently certain in the complaint.

ID.—FINDINGS—ADMISSIONS OF PLEADING—CONCLUSION—SUPPORT OF JUDG-
MENT.—Where the complaint alleged that the par value of each share
was $100, and that only $9.50 had been paid thereon, and neither of
these allegations were denied, no finding is required of either fact, and
the court is bound to draw the conclusion from the admissions that $90.50
remained unpaid upon each share, and a finding to the contrary will not
support a judgment for the defendant.

ID.—BONA FIDE PURCHASE OF STOCK—PLEADING—DEFENSE.—If the defend-
ants had purchased the stock, without notice, under such circumstances
as to relieve them from liability for the amount unpaid upon the shares,

it is matter of defense to be pleaded and proved by them, and the plain-tiff is not bound to anticipate and negative such defense.

ID.—ORIGINAL SUBSCRIPTION—TRANSFER—PRESUMPTION—PLEADING—DE-FENSE—EXONERATION FROM LIABILITY.—Where it is alleged that the stock held by each of the defendants was held as original subscribers, it will not be presumed that they sold the stock after paying $9.50 per share, and that the purchasers paid the remainder and then sold the stock back to the defendants; and any facts showing that the defendants were not liable for the remainder of the subscription price must be pleaded to exon-erate them from liability.                                              ()

ID.—PLEADING—FINDING—ADMISSION—CONCLUSION OF LAW.—Where the complaint alleges that only $9.50 on each share of $100 had been paid, and the answer does not deny it, the allegation that the defendants are liable for the balance of $90.50 due upon each and every share is of a conclusion of law, and a denial of the defendant's liability for that or any other sum raises no issue, and a finding that the same is not, nor is any sum due, is of a conclusion of law also, and not the finding of a fact, and such finding cannot contradict the admission of the allegation of the complaint that only $9.50 had been paid upon each share.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Trippett, Boone & Neale,* for Appellants.

*J E. Deakin, James E. Wadham,* and *Hunsaker, Britt & Goodrich,* for Respondents.

HAYNES, C.—This action was brought against several stockholders in the Santa Rosa Land and Improvement Company by appellant Ryan, to subject an alleged bal-ance remaining unpaid to the corporation upon the stock held by the defendants in satisfaction of a judg-ment recovered by him against the corporation. Trip-pett, the other appellant, is also a judgment creditor of the corporation, and came in as an intervener, and sought similar relief.

All the defendants had judgment, and this appeal is upon the judgment-roll from the judgment in favor of four of the defendants, viz: Burkill Jacques, William H. Anderson, J. E. Deakin, and T. C. Stockton. (The appeal as to Anderson was dismissed.)

The principal question is as to the sufficiency of a certain allegation of the complaint. Certain other allegations should be stated, however, in order to a proper construction of the clause more particularly in question.

After alleging that the capital stock of said corporation is $600,000, divided into 6,000 shares of $100 each, all of which were subscribed for, it is alleged as follows:

" On information and belief plaintiff alleges that the following are the owners of said stock of the said corporation as original subscribers thereto, and were such owners at the time of the commencement of this action, excepting the defendant George Neale, who is a transferee of an original stockholder."

" Burkill Jacques is the owner of 300 shares of said capital stock, and was such owner at the time this action was commenced."

Then follows a similar allegation as to the number of shares held by each of the defendants, and immediately succeeding these allegations is the following.

"Upon information and belief plaintiff alleges that only the sum of $9.50 has been paid by said stockholders upon the capital amount of each and every share of said stock of said corporation held and owned by them, and the present holders thereof are, and each of them is, liable for the balance due upon said stock, to wit: The sum of $90.50 upon each and every share of said stock held and owned by them."

After alleging that the corporation had failed and refused to levy an assessment to pay plaintiff's judgment, the complaint further alleges:

" On information and belief the plaintiff alleges that there is remaining due to said Santa Rosa Land and Improvement Company from the defendant, Burkill Jacques, the sum of $27,150 upon the capital stock of said corporation held and owned by him."

Allegations in the same language, except as to names and amounts, were made as to each of the other defendants.

The complaint in intervention of appellant Trippett

was in the same form. The defendants severally demurred to each complaint for misjoinder of parties defendant; also for misjoinder of causes of action, in that a several cause of action against each defendant was joined with a several cause of action against each of the other defendants, and also that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were overruled and the defendants answered severally.

The only denials necessary to be noticed are the following, taken from the answer of respondent Jacques, the denials of the other respondents being in the same form:

"Denies upon and according to his information and belief that the present holders of any or all of the stock mentioned in the said amended complaint are liable, or that any of them is liable, for the sum of $90.50, or any other sum, upon each or any share of the said capital stock."

"The defendant denies that there is remaining due the Santa Rosa Land and Improvement Company from this defendant, upon the capital stock of said corporation, now or ever held or owned by him, the sum of $27,150, or any other sum."

The court found that plaintiff obtained judgment against the corporation, as alleged; that it remained unreversed and in full force; that execution was issued thereon and returned wholly unsatisfied; that respondent Jacques at the time suit was commenced was the owner of 300 shares of said stock, Anderson of 400 shares, Stockton of 40 shares, and Deakin of 500 shares. Then follows this general finding:

"12. That the sum of $90.50 is not, nor is any sum due upon each and every or any share of stock of said corporation, held or owned by the defendants, from said defendants or either or any of them, to the Santa Rosa Land and Improvement Company, or any other person."

"13. That the sum of $27,150 is not, nor is any other sum due from said defendant Burkill Jacques to the

Santa Rosa Land and Improvement Company, or any other person, upon the capital stock of said corporation."

The same finding is made as to each of the other defendants.

As conclusions of law the court found that none of the defendants were indebted to said corporation, or to plaintiff, or to the intervener, Trippett, in any sum on account of subscriptions to the capital stock or otherwise, and that defendants have judgment for costs.

If the complaint is sufficient as against a general demurrer, and we think it is, the findings do not support the judgment. There was no misjoinder of parties or causes of action.

There are in the complaint several matters stated which are purely conclusions of law, and some of the facts are not stated with the clearness and precision which good pleading requires. Whether a demurrer for ambiguity would have been sustained, it is not necessary to consider, as no such objection was taken. If, however, *facts* are stated showing the liability of the defendants, the complaint must be sustained notwithstanding they are imperfectly stated. (*Brown* v. *Weldon*, 71 Cal. 393; *Tehama County* v. *Bryan*, 68 Cal. 57; *Harnish* v. *Bramer*, 71 Cal. 155.)

There is no finding as to the amount that had been paid, or remained unpaid, upon each share of the subscribed capital stock, but it is alleged that the par value of the shares is $100, and that only $9.50 had been paid thereon; and neither of these allegations were denied. No finding was therefore required of either fact. Under such circumstances the court was bound to draw the conclusion that $90.50 remained unpaid upon each share. Any other conclusion would contradict admitted facts. But respondents contend that the allegation in question was of a "joint" ownership and holding, whilst the other allegations are of a several holding. The references in the clause in question to the preceding allegations by the word "said" and the whole frame of the complaint show that this clause was not intended to

allege how the stock was owned or held, but to show how much had been paid on each share, and how much remained unpaid.

It is also contended that this allegation pleads evidence only; that "it might be admitted that the defendants had paid only $9.50 per share on the stock held by them, and yet some precedent owner may have paid the remainder upon each share necessary to complete payment in full, or that defendants may have purchased the stock in open market in good faith and without notice that any part was unpaid."

But if the defendants had purchased the stock under such circumstances as to relieve them from liability for the amount unpaid, it was matter of defense to be pleaded and proved by them, and the plaintiff was not bound to anticipate and negative such defense; and as to the objection that others than the defendants may have paid the $90.50 not paid by them, it is sufficient to say that it was alleged that the stock held by each of the defendants, except Neale, was held by them as original subscribers, and it will not be presumed that they sold their stock after paying $9.50 per share, that the purchasers paid the remainder and then sold the stock back to the defendants. The allegation that the defendants were the subscribers, that they only paid $9.50 on each share, required them, if they admitted they had only paid that amount and claimed that they were not liable for the remainder of the subscription price, to plead the facts which exonerated them from such liability. If they still held the stock subscribed for by them, no one else had the right to pay therefor, and, if payment had been made by a third party under such circumstances as entitled the defendants to credit for such payment, it was a payment by *them*, and might be proved under a proper denial of the averment that only $9.50 had been paid. If defendants had demurred upon the ground of ambiguity or uncertainty, there would be much force in respondents' objections above noticed; but they do not show that a cause of action is not stated,

though they point out its imperfections. If a complaint or any allegation of a complaint is capable of different constructions, that which the plaintiff gives it or which the court finds necessary to support the action will be given, in the absence of a special demurrer. In other words, a pleading must be construed, for the purpose of determining its effect, with a view to substantial justice between the parties. (Code Civ. Proc., sec. 452.)

The allegation of the complaint that defendants are " liable for the balance due upon said stock, to wit: $90.50 upon each and every share," is but a conclusion of law, and the denial by the defendants of their " liability" for that or any other sum, raised no issue, and the finding " that the sum of $90.50 is not nor is any *sum* due" is a conclusion of law also, and not the finding of a fact, nor is any fact found from which that conclusion could be drawn. Respondents contend that the word "due" in the finding is equivalent to "unpaid"; but it must have the same meaning in the complaint, and, if we substitute "unpaid" in the complaint in the place of "due," we have a fact which is not denied in the answer, and is therefore admitted, and hence the finding as construed by respondents would contradict the admission.

In the absence of a special demurrer that is pleaded with sufficient certainty which is capable of being certainly ascertained from the complaint. It was so said of findings in *Ward* v. *Clay*, 82 Cal. 512; and that which is sufficiently certain in findings must be sufficiently certain in a complaint. The obligation being to pay $100 on each share, and it being alleged that "only $9.50 " had been paid thereon, it is certain that $90.50 remains unpaid.

Nor will it help respondents to treat the conclusion of law drawn by the court that defendants are not "indebted" as a finding of fact, for such finding would be contrary to the admission that only $9.50 had been paid, no fact being averred or found which discharged them from liability to pay the remainder of the par value of the stock.

The cases cited by respondents to this proposition merely hold that a common count that "defendant is indebted to the plaintiff for goods sold and delivered," etc., was sufficient as a complaint; but it has not been held that an answer to such complaint was sufficient which only denied the "indebtedness."

How these so-called issues, involving only conclusions of law, were treated upon the trial we cannot know, the appeal being upon the judgment-roll alone; but as the conclusions of law are inconsistent with the facts found, taken with the admission, for want of a denial, that only $9.50 had been paid on each share, the judgment is wrong.

I advise that the judgment be reversed, with leave to the parties to amend their pleadings.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed, with leave to both parties to amend their pleadings.

DE HAVEN, J.,    FITZGERALD, J.,
GAROUTTE, J.,    McFARLAND, J.,
VAN FLEET, J.