[Civ. No. 5363. Second Appellate District, Division Two.—August 1, 1929.]

ELIZABETH LINDNER BARNABY, Respondent, v. WILLIAM ERNEST BARNABY, Appellant.

Earl S. Patterson for Appellant.

M. M. Holman for Respondent.

THOMPSON (IRA F.), J.—This is an appeal from a judgment on the pleadings. The plaintiff filed a complaint alleging that she had prior to March 31, 1920, maintained an action for divorce against the defendant in Minnesota; that the plaintiff and defendant signed a stipulation that if the court should award a decree it should incorporate therein an order for the defendant to pay plaintiff the sum of $75 per month as alimony so long as she should remain unmar-

ried; that the court granted the decree and made the order for the payment of the monthly allowance; that the order was by stipulation of the parties modified temporarily, but that giving the defendant credit for payments made by him and the sums remitted by the temporary modification there yet remained unpaid $1680, which the plaintiff sought to recover. There was the further allegation that the court which rendered the decree and in which the defendant personally appeared after service of process was a court of general jurisdiction and that the order made has the force and effect of a judgment for the payment of money. The defendant responded to the complaint by an answer in which he denied for lack of information and belief the general jurisdiction of the court, his personal appearance therein, the rendition of a decree of divorce, that the plaintiff has not remarried, or that the copy of the stipulation modifying the allowance was correct. He admitted the making of the stipulation for the payment of alimony to become effective only upon a decree being rendered, but alleged that the agreement as well as the subsequent one founded upon it was *contra bonos mores*. He denied that the decree or judgment of the court has under the laws of Minnesota the force or effect of a judgment at law for the payment of money and denied that there was due or owing the sum of $1680 or any other sum. The plaintiff interposed a demurrer, a motion to strike portions of the answer and a motion for a judgment on the pleadings, the last motion being based upon the ground that the answer was sham, false and a dilatory and evasive plea. The motions were accompanied by an affidavit of counsel setting forth that he had discussed the subject matter of the action with the defendant and that the latter had knowledge of the things denied by him in his answer for lack of information and belief. The court, as already indicated, granted this motion and rendered a judgment for the plaintiff.

The appellant assigns four reasons for a reversal of the judgment. They are as follows: (1) The decree of the Minnesota court was not final and therefore could not support an action in California; (2) Issues of fact were raised by the answer of the defendant; (3) The court failed to assume the truth of the allegations of the answer, but considered the affidavit of counsel as sufficient to overcome the allegations of the answer; (4) That the basis of the decree

of the Minnesota court was an agreement which was *contra bonos mores*.

Turning to appellant's first contention we have now to determine whether an action will lie upon a decree for alimony which is not final and also whether the defendant put in issue the question of fact concerning the state of the law in Minnesota.

A very succinct and yet comprehensive statement of the law upon the first branch of this question is found in *Sistare* v. *Sistare*, 218 U. S. 1 [20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068, 54 L. Ed. 905, 30 Sup. Ct. Rep. 682], as follows: "First, that, generally speaking where a decree is rendered for alimony and is made payable in future instalments, the right to such instalment becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case [20 How. 582, 16 L. Ed. 226], 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due." It is patent from the quotation just made that had the defendant alleged that the law of Minnesota was such as to fall within the exception to the general rule such allegations would have raised an issue of fact under the law as it stood when the pleadings were filed which it would have been necessary for the court to try. (*Ryan* v. *North Alaska Salmon Co.*, 153 Cal. 438 [95 Pac. 862].) It is equally obvious that the plaintiff in the instant cause anticipated the defense which it was possible to interpose and sought to avoid it by alleging the final character of the decree under the laws of Minnesota. Under the pleadings thus drawn, started by the plaintiff and answered by the defendant in kind, had a trial been had and

judgment rendered upon a finding that the laws of Minnesota were such as to give to a decree for alimony the force and effect of a money judgment, the defendant could not have successfully attacked the allegation of the complaint and the finding without having first interposed a demurrer directed to the point. Even though we assume that the allegation is a conclusion of law and even though it is lacking in precision and clarity, nevertheless it is clear that the plaintiff intended to allege the fact that the law of Minnesota was such as to render the decree for alimony of a character giving the plaintiff the absolute right to demand and receive the payments named therein. In *Ryan* v. *Jacques,* 103 Cal. 280 [37 Pac. 186, 187], it is said: "There are in the complaint several matters stated which are purely conclusions of law, and some of the facts are not stated with the clearness and precision which good pleading requires. Whether a demurrer for ambiguity would have been sustained, it is not necessary to consider, as no such objection was taken. If, however, facts are stated showing the liability of the defendants, the complaint must be sustained notwithstanding they are imperfectly stated. (*Brown* v. *Weldon,* 71 Cal. 393 [12 Pac. 280]; *Tehama County* v. *Bryan,* 68 Cal. 57 [8 Pac. 673; *Harnish* v. *Bramer,* 71 Cal. 155 [11 Pac. 888].)" And in *Ohio Electric Car Co.* v. *Le Sage,* 182 Cal. 450 [188 Pac. 982], a similar enunciation reads: "It is true that where the objection is not made until after judgment, the complaint will be liberally construed, and if the necessary facts appear by implication only, or as a conclusion of law, the complaint will be upheld." The defendant adopted the language of the plaintiff as sufficiently putting in issue the fact concerning the state of the law in Minnesota and denied the allegation. It would be a strange situation if the plaintiff might rely upon his imperfect pleading and yet take advantage of the defendant's acceptance thereof. We think that the plaintiff cannot profit by putting the defendant in such position. The trial court should have treated the allegation and its specific denial as raising an issue of fact concerning the law of Minnesota.

The next assertion may be very briefly answered by the observations that a defendant has not the right to deny for lack of information sufficient to form a belief those averments which are presumptively within his knowledge or

where he has the means of ascertaining their truth. (*Crosby v. Fresno Fruit Growers Co.*, 30 Cal. App. 308 [158 Pac. 1070].) ■ However, this does not apply to public records of sister states, and it has been held to be sufficient to deny, as was done in the present instance, the general jurisdiction of a court of a sister state for lack of information sufficient to form a belief upon the subject. (*Donian v. Danielian*, 90 Cal. App. 675 [266 Pac. 817].)

■ We have not overlooked the fact that since this judgment was rendered and months after the appeal was perfected, section 1875 of the Code of Civil Procedure was amended (Stats. 1927, p. 110), allowing the courts of this state to take judicial notice of the laws of a sister state, but that cannot affect the present appeal.

■ We cannot assume that the court considered the affidavit of counsel as contradicting or overcoming any sufficient denial of the answer. The affidavit was properly presented to the court for its consideration in connection with the motion to strike. ■ The court having ordered the motion to strike off the calendar and granted the motion for judgment on the pleadings, we must presume that the trial judge considered that the denials as they stood were insufficient in form and substance.

■ The last assertion of appellant's counsel that the agreement forming the basis of the decree was *contra bonos mores* can hardly be raised in an action upon the decree. ■ It is too well settled to require extended notice that the judgment of a court of a sister state is final and conclusive provided only that the court had jurisdiction of the cause and of the parties. (*Estate of Hancock*, 156 Cal. 804 [134 Am. St. Rep. 177, 106 Pac. 58].) A somewhat similar contention was involved in *McCormack v. McCormack*, 175 Cal. 292 [165 Pac. 930], and the court there said: "With this, however, we are not concerned, since, whether erroneous or not, the final judgment of the superior court of Washington declaring the marriage null and void—there being nothing to show want of jurisdiction—is, under section 1, article IV, of the federal Constitution entitled to the same consideration and weight as though rendered by a court of this state."

Judgment reversed.

Works, P. J., and Craig, J., concurred.