[L. A. No. 209. In Bank.—July 1, 1898.]

REDLANDS, LUGONIA, AND CRAFTON DOMESTIC WATER COMPANY, Appellant, v. CITY OF REDLANDS et al., Respondents.

MUNICIPAL CORPORATION—ORDINANCE FIXING WATER RATES—INDEBTEDNESS—INTEREST—VALUE OF PLANT—CAPITAL STOCK.—For the purpose of fixing the rates to be charged or collected for furnishing water to the inhabitants of a city, provision should not be made for the bonded or other indebtedness of the company, or of the interest thereon; but the fair value of the property which is necessarily used in furnishing the water is the basis upon which to determine the amount of reve-

nue to be provided by the ordinance fixing the rates, which should be the same whether the works are acquired or constructed by the company with its own resources, or with money borrowed from others. The amount of the capital stock paid into the water company by its stockholders, and the amount of its bonded and floating indebtedness, and the interest thereon, are immaterial factors in the question of reasonableness of rates.

ID.—PERCENTAGE UPON STOCK—INTERESTS OF PUBLIC.—It cannot be said that a corporation serving the public is entitled as of right, and without reference to the interests of the public, to realize a given per cent on its capital stock. The rights of the public, as well as those of the stockholders, are to be considered; and the public cannot be subjected to unreasonable rates in order simply that stockholders may earn dividends. The corporation has the right to receive only what, under all the circumstances, is such compensation for the use of its property as will be just both to it and to the public.

ID.—INVALIDITY OF ORDINANCE—BURDEN OF PROOF—RECORD UPON APPEAL.— In order to establish the invalidity of an ordinance fixing water rates, which was regularly adopted and is in proper form, it is incumbent on the water company to allege and prove in the superior court, and to have incorporated in the record on appeal, the extrinsic facts showing such invalidity; and where the evidence upon which facts are found is not in the record, it must be assumed that it fully supports the findings of fact in support of its validity.

ID. — VALUE OF PLANT NOT SHOWN — NET INCOME—SUPPORT OF FINDINGS— ERROR NOT APPEARING.—Where the value of the plant, which is essential to be shown before the rates fixed can be held unreasonable, is not averred or shown, and the evidence is not returned, it must be assumed that findings showing that a net income will be received, after deducting operating expenses, taxes, and costs of maintenance and repairs, were supported by the evidence, and it cannot be said to appear from the record that the rates fixed by the ordinance will not yield a fair compensation, or that the court did not properly consider all the elements involved in the question of plaintiff's right to any greater compensation than will be received from the rates fixed by the municipal board, or that it erred in refusing to annul the ordinance.

APPEAL from a judgment of the Superior Court of San Bernardino County. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Bicknell & Trask, for Appellant.

C. C. Bennett, for Respondents.

Gibson & Titus, *Amici Curiae.*

HARRISON, J.—The plaintiff is engaged in furnishing water ·to the city of Redlands and its inhabitants for domestic purposes ·and for irrigation, and seeks by this action a judgment annulling the ordinance or resolution adopted by the board of trustees ··of that city, in February, 1895, fixing the rates to be charged :or collected therefor during the year commencing July 1, 1895, and requiring the board to fix rates therefor "so as to assure an -annual income to the plaintiff sufficient to pay the interest on its indebtedness, its running expenses, taxes, and to pay the ·plaintiff's stockholders a dividend of not less than seven per ·cent per annum upon the par value of said stock, and also suffi- -cient to keep the works of said plaintiff used in business in repair."

At the trial of the cause the court found that the plaintiff ·had expended the sum of $314,000 in the acquisition of the ·plant used by it in so furnishing the water; that its capital stock is divided into five thousand shares of the par value of one hundred dollars each, of which two thousand two hundred and sixty shares have been subscribed, and the full amount of $226,000 paid to the plaintiff by the stockholders subscribing ·therefor; that the plaintiff has issued its bonds amounting to $75,000, bearing interest at seven per cent per annum, payable semi-annually, all of which are outstanding, and has also executed to various persons its promissory notes, amounting to $19,000, and bearing a like rate of interest, but that it has bills receivable bearing interest, so that the net amount of its annual interest is $5,600; that the maximum amount of revenue from the rates fixed by the ordinance will yield to the plaintiff the sum of $18,158.51, and the minimum amount of said revenue $14,526.40; that the necessary expenditures to be made by it during said year will be as follows: Operating expenses, $5,150; taxes, $1,350; for maintenance and repairs, $1,562.06. Upon these findings the court refused the plaintiff the relief it ·sought, and rendered judgment in favor of the defendants. :From this judgment the plaintiff has appealed, bringing the appeal upon the judgment-roll alone, without any bill of exceptions.

Many of the questions involved in this appeal are considered in the case of *San Diego Water Co. v. San Diego*, 118 Cal. 556,

62 Am. St. Rep. 261, and the propositions then determined are applicable to the present case. It was held in that case by a majority of the court that, for the purpose of fixing the rates to be charged or collected for furnishing water to the inhabitants of a city, provision should not be made for the bonded or other indebtedness of the company, or of the interest thereon; that the rates should be the same whether the works are acquired or constructed by the company from its own resources, or with money borrowed from others; that the value of the property which is necessarily used in furnishing the water is the basis upon which to determine the amount of revenue to be provided by the ordinance fixing the rates, and that while the cost of the plant is an element proper to be considered in determining its value, it is not conclusive thereof. Since the decision of that case the supreme court of the United States has decided the case of *Smyth v. Ames,* 169 U. S. 466, and in the opinion rendered by it this subject received further consideration. The question there presented was the reasonableness of the rates that had been fixed by the state of Nebraska for transportation by railroads, and the court held that "the basis of all calculations as to the reasonableness of rates to be charged by a corporation maintaining a highway under legislative sanction must be the fair value of the property being used by it for the convenience of the public." Under the principles determined by these cases the amount of the capital stock paid into the plaintiff by its stockholders, as well as the amount of its bonded and floating indebtedness, and the interest payable thereon, become immaterial factors in the question. In the case last cited the court, in considering the principles to be observed in determining the reasonableness of the rates of compensation that had been fixed, said: "It cannot be admitted that a railroad corporation maintaining a highway under the authority of the state may fix its rates with a view solely to its own interests, and ignore the rights of the public. But the rights of the public would be ignored if rates for transportation of persons or property on a railroad are exacted without reference to the fair value of the property used for the public, or the fair value of the services rendered, but in order simply that the corporation may meet operating expenses, pay the interest on its obligations, and

declare a dividend to stockholders. . . . . What the company is entitled to ask is a fair return upon the value of that which it employs for the public convenience. On the other hand, what the public is entitled to demand is that no more be exacted from it for the use of a public highway than the services rendered by it are reasonably worth." In *Covington etc. Turnpike, Co. v. Sandford,* 164 U. S. 578, the same court had previously held that an act fixing rates could not be declared unconstitutional merely because under its provisions the company could not earn more than four per cent on its capital stock, and what it then said upon this subject is repeated in the later case of *Smyth v. Ames, supra,* and is pertinent to certain allegations of the complaint herein, viz: "It cannot be said that a corporation is entitled as of right, and without reference to the interests of the public, to realize a given per cent upon its capital stock. When the question arises whether the legislature has exceeded its constitutional power in prescribing rates to be charged by a corporation controlling a public highway, stockholders are not the only persons whose rights or interests are to be considered. The rights of the public are not to be ignored. It is alleged here that the rates prescribed are unreasonable and unjust to the company and its stockholders, but that involves an inquiry as to what is reasonable and just for the public. The public cannot properly be subjected to unreasonable rates in order simply that stockholders may earn dividends. If a corporation cannot maintain such a highway and earn dividends for stockholders, it is a misfortune for it and them which the constitution does not require to be remedied by imposing unjust burdens upon the public. So that the right of the public to use the defendant's turnpike, upon payment of such tolls as in view of the nature and value of the services rendered by the company are reasonable, is an element in the general inquiry whether the rates established by law are unjust and unreasonable. . . . . The utmost that any corporation operating a public highway can rightfully demand at the hands of the legislature, when exerting its general powers, is that it receive what under all the circumstances is such compensation for the use of its property as will be just both to it and to the public."

To authorize a reversal of the judgment appealed from it is

incumbent upon the appellant to show that the judgment is erroneous upon its face, or that the superior court either gave an erroneous consideration to the facts found by it or committed some error in making its finding of those facts. As the evidence upon which the facts are found is not before us, we must assume that it fully supports the findings of fact. The ordinance of the board of trustees which the plaintiff seeks to annul was regularly adopted, and is in proper form, and whatever grounds there may be for asserting its invalidity must be shown by extrinsic facts. It was, therefore, incumbent upon the plaintiff to present to the superior court, and to have incorporated into the record upon this appeal, the facts upon which it would claim such invalidity. The invalidity urged by it is that the rates fixed thereby will not yield a reasonable compensation for its service, in addition to the amount necessary to be expended by it in performing the service. But, as the value of the plant is the basis upon which the court was to determine the sufficiency of the compensation, it was essential to present that fact to the court before the plaintiff was entitled to a judgment that the rates are unreasonable.

The court finds that the operating expenses, taxes, and cost of maintenance and repairs to be incurred by the plaintiff during the year amount to $8,062.06. Deducting this sum from the minimum amount of revenue which the rates will yield, the plaintiff will receive a net income of $6,464.34, while the maximum amount of this revenue would yield a net income of $10,-096.45. As the value of the plant is an essential element in determining whether either of these amounts will be a reasonable compensation to the plaintiff for its services, and as there was no averment or showing upon this point before the superior court, we cannot say that it appears from the record that the rates fixed by the ordinance will not yield a fair compensation, or that the court erred in refusing to the plaintiff the relief asked. It cannot be determined as a matter of fact what portion of the maximum amount of this revenue the plaintiff will receive, nor can it be said as a matter of law that it is entitled to receive the maximum amount of whatever rates may be fixed. Neither can it be stated as a proposition of law that the amount which the court finds that it will in either

instance receive in excess of the above expenditures is not a fair compensation for its service. As we have before seen the amount of income it is entitled to receive is not to be determined by merely considering the value of the property used in rendering the service, but the value of the service which the public receives is also an element to be determined in considering whether the rates are reasonable. The supreme court of the United States said in *Covington etc. Turnpike Co. v. Sandford, supra:* "Each case must depend upon its special facts, and when a court, without assuming itself to prescribe rates, is required to determine whether the rates prescribed by the legislature for a corporation controlling a public highway are as an entirety so unjust as to destroy the value of its property for all the purposes for which it was acquired, its duty is to take into consideration the interests both of the public and of the owner of the property, together with all other circumstances that are fairly to be considered in determining whether the legislature has, under the guise of regulating rates, exceeded its constitutional authority, and practically deprived the owner of property without due process of law." The record herein fails to show that the court did not give proper consideration to all the elements forming the plaintiff's right to any greater compensation for its service than it will receive from the rates fixed by the board of trustees, and we cannot say that the court erred in refusing to annul the ordinance.

The judgment is affirmed.

Garoutte, J., Temple, J., and Henshaw, J., concurred.

Van Fleet, J., concurred in the judgment.