[No. 8185. Department Two. January 22, 1910.]

NANNIE N. JOHNSON, *Appellant*, v. AMEL JOHNSON, *Respondent*.[1]

MARRIAGE—VALIDITY — FIRST COUSINS — STATUTES — EXTRATERRITORIAL FORCE. A marriage between first cousins domiciled in Seattle, contracted in Victoria, B. C., where they went to evade the law of this state prohibiting such marriages, the parties immediately returning to their domicile, is void, and it is error to refuse a decree of divorce therefrom.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 18, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for a divorce. Reversed.

*P. P. Carroll*, for appellant.

RUDKIN, C. J.—This is an appeal from a judgment denying a divorce to the appellant and dismissing her action.

[1]Reported in 106 Pac. 500.

The case is brought here on the findings of fact, conclusions of law and decree. The only findings we deem it necessary to set forth or consider are the following:

"That plaintiff and defendant were married at Victoria, B. C., May 2d, A. D. 1905, and ever since have been and now are husband and wife.

"That at the time of said marriage the parties hereto were domiciled in the city of Seattle, county of King, state of Washington, and that to avoid the law of this state prohibiting said marriage they went to Victoria, B. C., and were married there, immediately returning to the said city of Seattle where they have ever since made their domicile.

"That plaintiff and defendant are first cousins of the whole blood, the mother of plaintiff and the mother of defendant being sisters of the whole blood."

There was no appearance by the defendant in the court below, and no brief has been filed in this court by him or in his behalf, but from such investigation as we have been able to give the subject, we are at a loss to know upon what ground or for what reason the divorce was denied. Rem. & Bal. Code, § 7151, declares that,

"Marriages in the following cases are prohibited: . . .

"(2) When the parties thereto are nearer of kin to each other than second cousins, whether of the whole or half-blood, computing by the rules of the civil law;

"(3) . . . and if any person being within the degrees of consanguinity or affinity in which marriages are prohibited by this section carnally know each other, they shall be deemed guilty of incest, and shall be punished by imprisonment in the state penitentiary for a term not exceeding ten years and not less than one year."

"A marriage between relations within the prohibited degrees is void, its continuance is repugnant to good morals and public policy, and it will be annulled at the instance of either party, notwithstanding the applicant entered into it knowingly and wilfully." 26 Cyc. 907.

In considering the validity of a marriage contracted in violation of a similar statutory prohibition, in *In re Wilbur's*

*Estate,* 8 Wash. 35, 35 Pac. 407, 40 Am. St. 886, this court said:

"The general rule is that the *lex loci contractus* is controlling in adjudications involving the validity of marriages . . . . . though this doctrine has an important exception, which is involved in the case before us. Appellant claims that inasmuch as, at the time of the alleged marriage, there was in this territory a statute prohibiting a marriage between a white person and an Indian (Acts 1866, p. 81), even considering the reservation as a foreign jurisdiction, the marriage was void, because Wilbur thereby committed a fraud upon the law of his domicile, which was the territory. Where a marriage is prohibited, either by the statute or by those rules of morality and decency which make it against the natural law of civilized nations for two persons to marry, as incestuous or polygamous marriages, it is in vain for them to go beyond their domicile, to engage in a contract of marriage, for the purpose of avoiding the prohibition. Their contract will be held void upon their return."

See, also, *State v. Fenn,* 47 Wash. 561, 92 Pac. 417, 17 L. R. A. (N. S.) 800.

Marriages between parties so nearly related are prohibited in nearly all civilized countries, and if argument in support of such a policy is needed, the fact that the only offspring of this marriage is deaf and dumb supplies it. The marriage being void, it was the duty of the trial court to declare it so, and the judgment is reversed, with directions to annul the marriage, and for further proceedings not inconsistent with this opinion.

DUNBAR, CROW, MOUNT, and PARKER, JJ., concur.