[S. F. No. 7144. Department One.—June 6, 1917.]

HENRIETTA ELIZABETH McCORMACK, Appellant, v. ROBERT HUGHSON McCORMACK, Respondent.

JUDGMENT OF SISTER STATE ANNULLING MARRIAGE—CONCLUSIVENESS—CONSTITUTIONAL LAW.—The final judgment of a court of a sister state declaring a marriage null and void—there being nothing to show want of jurisdiction—is, under section 1, article IV, of the federal Constitution, entitled to the same consideration and weight as though rendered by a court of this state.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

West & De Journel, and T. C. West, for Appellant.

Frank J. Hennessy, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an appeal prosecuted by plaintiff upon the judgment-roll alone from a decree denying her a divorce from the defendant.

It appears from the findings that on March 11, 1907, the parties were married in the province of British Columbia, Canada; that thereafter on March 12, 1908, in an action therefor brought by defendant herein against plaintiff herein, the superior court of Kings County, state of Washington, after due and regular proceedings had therein, made and entered a judgment whereby it declared the marriage so contracted by the parties null and void, which judgment is in full force and effect, and that at the time of the commencement of the action the parties were not husband and wife.

That these findings support the judgment admit of no possible question, and since the evidence upon which they were made is not incorporated in the record, no question arises as to the sufficiency thereof to support the findings. (*Redlands etc. Water Co.* v. *Redlands*, 121 Cal. 365, [53 Pac. 843]; *Estate of Brown*, 143 Cal. 450, [77 Pac. 160].)

Appellant insists that since the marriage contracted in Canada was valid, the superior court of Washington, though concededly having jurisdiction of the parties, could not

legally declare it void. The supreme court of that state has held otherwise. (See *Johnson* v. *Johnson,* 57 Wash. 89, [26 L. R. A. (N. S.) 179, 106 Pac. 500].) There is nothing in the record showing the grounds upon which the court acted in annulling the contract of marriage. Presumably, since the contrary is not made to appear, and as the law of Washington touching the subject in the absence of evidence to the contrary is deemed to be the same as that of this state (*O'Sullivan* v. *Griffith,* 153 Cal. 502, [95 Pac. 873, 96 Pac. 323]; *Fox* v. *Mick,* 20 Cal. App. 599, [129 Pac. 972]), the action for annulment was based upon some one of the grounds specified in section 82 of the Civil Code as cause for annulling the marriage. With this, however, we are not concerned, since, whether erroneous or not, the final judgment of the superior court of Washington declaring the marriage null and void—there being nothing to show want of jurisdiction—is, under section 1, article IV, of the federal Constitution, entitled to the same consideration and weight as though rendered by a court of this state. (*Philbrook* v. *Newman,* 148 Cal. 172, 174, [82 Pac. 772].) The appeal is without a semblance of merit.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.