[Civ. No. 17680.  Second Dist., Div. Two.  June 15, 1950.]

Estate of DANIEL PEREZ, Deceased.  AMELIA ACUNA et al., Appellants, v. RITA PEREZ, Respondent.

Benjamin F. Kosdon and Daly B. Robnett for Appellants.

David C. Marcus for Respondent.

McCOMB, J.—This appeal is from an order appointing respondent administratrix of the estate of Daniel Perez, deceased.

*Facts:*  Respondent and deceased were residents of the State of California.  On or about August 11, 1948, respondent went to a physician for the purpose of obtaining a health

certificate so that she might obtain a license to marry Daniel Perez. The doctor refused to give her such certificate because of the fact that he found she was afflicted with a communicable disease. She knew that without such certificate she could not get a license to marry in the State of California. Thereafter within approximately a month she and Daniel Perez went to the State of Arizona where they were married on August 21, 1948, in accordance with the laws of that state, and the following day they returned to the State of California where they lived until the date of Mr. Perez' death on April 1, 1949. Respondent applied for letters of administration of decedent's estate on the ground that she was his surviving widow. Appellants, who are the surviving children and heirs at law of decedent, filed a contest to respondent's application for letters of administration upon the ground that she was not the lawful widow of decedent. After trial the probate court made an order appointing respondent administratrix of decedent's estate.

■ *Question: Was the Arizona marriage of respondent and decedent void because it was contracted between the parties for the specific purpose and with the specific intent of evading the laws of California?*

This question must be answered in the negative. If parties who are residents of and domiciled in California, where their marriage would have been invalid, are married in another state in conformity with the laws of such state, even though they have entered such state with the avowed purpose of evading the laws of the State of California, such motive does not invalidate the marriage. (*McDonald* v. *McDonald*, 6 Cal.2d 457, 459 [58 P.2d 163, 104 A.L.R. 1290] ; Civ. Code, § 63.[1])

It is evident that the foregoing rule is applicable in the present case and that the marriage contracted between respondent and decedent, even though it would have been invalid in California and although they went to Arizona for the purpose of evading the laws of California, was a valid marriage since it conformed with the laws of the state in which it was contracted.

■ *Authorities relied on by appellants: Eggers* v. *Olson,* 104 Okla. 297 [231 P. 483] ; *State* v. *Kennedy,* 76 N.C. 251 [22 Am.Rep. 683] ; *In re Takahashi's Estate,* 113 Mont. 490

---

[1]Section 63 of the Civil Code of California reads: "Marriages contracted without the state. All marriages contracted without this state, which would be valid by the laws of the country in which the same were contracted are valid in this state."

[129 P.2d 217]; *State* v. *Fenn,* 47 Wash. 561 [92 P. 417, 17 L.R.A.N.S. 800]; *Estate of Stull,* 183 Pa. 625 [39 A. 16, 63 Am.St.Rep. 776, 39 L.R.A. 539]; *Kinney* v. *Commonwealth,* 30 Grat. (Va.) 858 [32 Am.Rep. 690]; *Johnson* v. *Johnson,* 57 Wash. 89 [106 P. 500, 26 L.R.A.N.S. 179]; *Williams* v. *Oates,* 27 N.C. 535; *Pennegar* v. *State,* 87 Tenn. 244 [10 S.W. 305, 10 Am.St.Rep. 648, 2 L.R.A. 703]; *State* v. *Tutty,* (C.C.) 41 F. 753 [7 L.R.A. 50], are inapplicable to the instant case because if a rule of law is clearly established by a decision of the courts of California we are not at liberty to overrule it in favor of one followed in decisions of other states. (*Schneider* v. *Schneider,* 82 Cal.App.2d 860, 862 [187 P.2d 459].) Hence the authorities relied on by appellants which might support a different rule must be disregarded by this court.

*Crouch* v. *Crouch,* 28 Cal.2d 243 [169 P.2d 897], is not here in point for the reason that such case dealt with the question of collaterally attacking a divorce decree, not as in this case a marriage. Neither is *Perez* v. *Sharp,* 32 Cal.2d 711[2] [198 P.2d 17], in point. Such case merely declares unconstitutional the California miscegenation marriage statutes.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 10, 1950.

---

[2]Erroneously cited by appellants as *Perez* v. *Lippold,* 32 Cal.2d *911.*