**Adolfo ZLOTOLOW, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 93–163C.

United States Court of Federal Claims.

March 20, 1996.

Jeffrey F. Sklan, Beverly Hills, California, for plaintiffs.

Mary L. Smith, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Washington, DC, Assistant Director, for defendant. Evelyn M. Loeb, Washington, DC, United States Postal Service, of counsel.

## OPINION

MARGOLIS, Judge.

This case involves an alleged failure by the United States Postal Service to provide plaintiffs with timely notice of the Postal Service's intent to renew a lease for a postal facility in Beverly Hills, California. The lease had a 20–year term with four five-year renewal options. In order to exercise these options, the Postal Service was required to give the landlord written notice of its intent to exercise at least 90 days before the end of the original lease or any renewal term. Plaintiffs claim that defendant failed to give timely notice of the government's intent to exercise a renewal option. As a result, plaintiffs seek consequential damages of $1,079,-

890 for the loss of rent at market rate, and the diminished use and value of the property as a result of the Postal Service's refusal to surrender and vacate the property after the original lease expired on December 31, 1989. Defendant contends that it properly exercised its renewal option, and proffered two certified mail return receipts demonstrating that it notified both the plaintiffs' predecessor in interest, and the party which held title to the property of its intent to exercise the option. A trial was held on December 5, 1995 in Santa Ana, California. After full consideration of the record[,] this court finds for defendant.

## FACTS

On or about December 19, 1969, Eli N. Feinberg and Eve H. Feinberg executed a lease on a one-story building, located at 3950 Laurel Canyon Boulevard, North Hollywood, California to the Post Office Department, the predecessor to the United States Postal Service (Postal Service), for use as the Studio City Post Office. The lease had an initial term of twenty years, beginning on January 1, 1970 and ending on December 31, 1989, and provided for annual rent of $39,975. The lease also contained four five-year renewal options, which allowed the Postal Service to unilaterally extend the lease until December 31, 2009. Section 5 of the lease, however, required the Postal Service give proper notice, stating "[t]his lease may be renewed, at the option of the Government ... provided notice be given in writing to the Lessor at least *90* days before the end of the original lease term or any renewal term." Defendant's Exhibit 1 (emphasis in original).

In 1984, the Laurel 3950 Partnership, a California limited partnership (the Partnership), became the new owner of the Studio City Post Office building. The Partnership consisted of two general partners, Leon Pizante and Adolfo Zlotolow. The business address of the Partnership was 9460 Wilshire Blvd., Suite 820, Beverly Hills, California 90212. The "Assignment of Lease," recorded on October 1, 1984, provided that the Partnership agreed to "assume, to be bound by and to perform the terms[,] covenants, and conditions imposed upon Assignor, by reason of the above mentioned lease." Defendant's Exhibit 3. The Postal Service was properly notified, and in November 1984, changed its records to reflect that the Partnership was the new owner of the Studio City facility.

On July 10, 1987, the Postal Service executed Form 7462, Exercise of Renewal Option, in order to renew the Studio City lease for a five-year period beginning January 1, 1990. The form provided the notice of renewal required by the lease, and was sent by certified mail to Franklin Life Insurance Company, holder of a mortgage on the property. The notice of renewal, however, incorrectly listed the address of the Studio City Post Office as 3940, instead of 3950, Laurel Canyon Boulevard. On November 18, 1987, a copy of the renewal form was sent by certified mail to the Partnership, care of Leon Pizante. Pizante's name, however, was misspelled, "Pigante," and it was unclear whether the letter was addressed to suite 820, or suite 520, at 9460 Wilshire Boulevard.

On June 7, 1989, the Partnership executed a quitclaim deed, giving Adolfo Zlotolow ownership of the Studio City property. On November 10, 1989, Zlotolow wrote to defendant and stated that it had failed to exercise its option to renew the lease. The letter further stated that Zlotolow did not want to renew the lease, and requested that the Postal Service vacate the premises at the expiration of the lease on December 31, 1989. In response, the Postal Service informed Zlotolow that it had properly exercised its renewal option, and enclosed a copy of the renewal form as well as copies of the certified mail return receipts.

## DISCUSSION

Plaintiffs claim that they did not receive proper notice under section 5 of the lease of the Postal Service's decision to renew the lease because 1) defendant failed to fulfill the requirement under California law of exact compliance with the terms of the lease in exercising the lease option; 2) the copy of the renewal notice sent to the Partnership was both wrongly addressed to suite 520, instead of suite 820, and incorrectly addressed to "Pigante" instead of "Pizante"; and 3) one copy of the renewal notice was

sent to the Franklin Life Insurance Company, the lender/mortgagee, whom plaintiffs claim was not authorized to receive such notice.

*Applicable Law*

■ Plaintiffs claim that California law is applicable in this case, citing case law for the proposition that when a rule of law is established by a decision of the courts of California, "the courts are not at liberty to overrule in favor of one followed in decisions of other states." Plaintiffs' Memorandum of Contentions of Fact and Law, at 5. To support this contention, plaintiffs cite two cases which involve private parties in California. *See In re Perez' Estate*, 98 Cal.App.2d 121, 121, 219 P.2d 35 (1950); *Schneider v. Schneider*, 82 Cal.App.2d 860, 862, 187 P.2d 459 (1947). Thus, plaintiffs argue, non-California case law has no bearing on this case, and the court should follow the California case of *Bekins Moving & Storage Co. v. Prudential Insurance Co.*, where the court held that in order to exercise an option to renew a lease, the tenant must comply exactly with the terms of the option. *See Bekins Moving & Storage Co. v. Prudential Insurance Co.*, 176 Cal.App.3d 245, 250, 221 Cal.Rptr. 738 (1985). Plaintiffs argue that defendant failed to meet this requirement because defendant misidentified the location of the Studio City Post Office as 3940 instead of 3950 Laurel Canyon Boulevard, as well as addressed the notice to Franklin, instead of the Partnership.

Defendant asserts that California law is not applicable here and argues that federal law is controlling when the United States is involved in litigation stemming from a contract to which it is a party. *See Prudential Ins. Co. v. United States*, 801 F.2d 1295, 1298 (Fed.Cir.1986) *cert. denied*, 479 U.S. 1086, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). *See also Keydata Corp. v. United States*, 205 Ct.Cl. 467, 482, 504 F.2d 1115 (1974).

■ Plaintiffs' assertion that California law governs here is incorrect. While the case law cited by plaintiffs may apply to contracts between private citizens, those which involve the federal government or its agencies are governed by federal law. *See Prudential*, 801 F.2d at 1298. As the *Prudential* court noted, "[i]t is well settled that

contracts to which the government is a party—and though a lease may concern and convey a property interest it is also very much a contract—are normally governed by federal law, *not by the law of the state where they are made or performed.*" *Id.* at 1298 (emphasis added). Therefore, *Bekins* is inapposite. Even if California law was controlling, the court finds that the requirement that a tenant inform a landlord in "unequivocal terms of his unqualified intention to exercise his option, within the time, in the manner and on the terms stated in the lease" was met by defendant's efforts to give notice of its intent to exercise the lease option. *Bekins*, 176 Cal.App.3d at 250, 221 Cal.Rptr. 738. Defendant did properly notify both the Partnership and Franklin, though notice to either would have been sufficient. As discussed below, under the terms of the mortgage, Franklin was the owner of the property, and thus authorized to receive notice of defendant's intent to exercise its option. Further, the fact that the Studio City Post Office was improperly listed in the notice of renewal as located at 3940 instead of 3950 was a minor error which does not go to the essence of the document.

*Notice to the Partnership*

While plaintiffs do not dispute that the Partnership was the "Lessor" as that term is defined in paragraph 5 of the lease, they argue that the notice intended for them was defective and never received. Plaintiffs offer several arguments to support this contention: 1) the notice was misspelled "Pigante," instead of the correct "Pizante," 2) the return receipt was incorrectly addressed to suite 520, instead of suite 820; and 3) only Pizante and his assistant, Brenda Assfy, were authorized to sign return receipts for the Partnership, and their signatures do not appear on the return receipt.

■ To prove that mailed notice is defective, plaintiffs must overcome a "well-established presumption that a letter which is properly sealed, stamped, addressed, and deposited in the United States mails is presumed to reach the addressee and be received by him in due course of the mails."

*Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 274, 384 F.2d 434 (1967). Since defendant has produced the return receipt from the renewal notice it sent to plaintiffs, the presumption of arrival of a "properly sealed, stamped, addressed, and deposited" letter has been established. *Id.*

Plaintiffs can rebut the "strong presumption" of arrival only by producing "countervailing evidence ... show[ing] the contrary to be true by direct and positive proof of affirmative facts." *Charlson Realty,* 181 Ct. Cl. at 278. As the court reasoned in *Charlson Realty,*

> A presumption cannot be overturned or rebutted by speculation or suspicion. It can only be destroyed or overcome by convincing and uncontradicted evidence to the contrary which clearly and distinctly establishes a fact so that reasonable minds can draw but one inference.

*Id.* (citations omitted).

■ Plaintiffs have not overcome the presumption that notice was properly received. The testimony by Leon Pizante and Brenda Assfy that they were the only persons in their office authorized to sign return receipts on behalf of the Partnership is not credible. Brenda Assfy admitted on cross-examination that on at least two other occasions letters were sent return receipt by defendant to the Partnership, care of Pizante, and were signed for by employees other than Pizante and Assfy.

Further, "evidence as to the habit and custom [at addressee's place of business] in handling the mail is negative evidence and has no appreciable value in proving the omission or commission of a specific act at a particular time when there is a presumption to the contrary." *Charlson Realty,* 181 Ct. Cl. at 277. Thus, even if plaintiffs had established that the custom of Pizante's office permitted only Pizante and Assfy to sign return receipts for the Partnership, plaintiffs' evidence of habit and custom fails to rebut the presumption.

Additionally, this court holds that the renewal notice was properly addressed to suite 820. While on some photocopies of the return receipt the suite number appeared to be 520, upon inspection of the original document, the court finds that it clearly was addressed to suite 820. Finally, the minor misspelling of the addressee is of no consequence. While the addressee is misspelled "Pigante" instead of "Pizante," the court finds that this is a trivial error, and insufficient to overcome the presumption that the renewal notice was properly received.

*Notice to Franklin*

■ In addition to sufficient notice to the Partnership of the exercise of the renewal option, the defendant also properly notified Franklin of the renewal. Through the absolute assignment to Franklin created by both 1) a Deed of Trust and Assignment of Rents, and 2) an Assignment of Lease and Rentals, Franklin was the lessor during the relevant time period.

The deed of trust transfers to Franklin all of the Partnership's interest in the lease with defendant. It states that

> [t]he Trustor as additional security for the payment of the indebtedness described in and secured hereby, will transfer and assign to Beneficiary its successors and assigns, all of Trustor's right, title and interest in and to the rents, issues and profits from the premises and *specifically all of the Trustor's interest in and to the lease or leases referred to in Exhibit "B" [the lease] annexed hereto ...*

Defendant's Exhibit 24, ¶ 22 at 5 (emphasis added). Further, in the "Assignment of Lease and Rentals," plaintiffs' predecessors in interest authorized Franklin to "perform all acts necessary for the operation and maintenance of said premises in the same manner and to the same extent that the [owner] might reasonably so act." Defendant's Exhibit 25 at 2.

Since Franklin was assigned all of the property owners' rights under the lease, notice of defendant's decision to exercise its renewal option to Franklin was proper notice of renewal under the lease.

*Damages*

At trial, plaintiffs tried to qualify plaintiff Adolfo Zlotolow as an expert on damages. Plaintiffs argued that Zlotolow was qualified to testify as to the value of his property

under California Code of Evidence § 813, which recognizes an owner's opinion as to the value of his property, even if the owner has no experience in real estate appraising. Defendant argues that the California statute does not apply, and thus Zlotolow could testify as an expert only if he was properly qualified under the Federal Rules of Evidence.

As has been discussed above, California law is not applicable in this case. Federal law governs contract disputes where the government is a party to the contract. *See Prudential,* 801 F.2d at 1298. As a result, the fact Zlotolow owns the Studio City Post Office building does not, in and of itself, qualify him to give an opinion on damages. Instead, Zlotolow must be qualified under the Federal Rules of Evidence as an expert in the area of real estate appraisal through "knowledge, skill, experience, training, or education." Federal Rule of Evidence 702.

Plaintiffs failed to qualify Zlotolow as an expert in real estate appraisal under Federal Rule of Evidence 702. Thus, even if the court had found for plaintiffs, they still did not prove monetary damages.

### CONCLUSION

For the foregoing reasons, this court finds that plaintiffs were given proper notice of defendant's intent to exercise its option to renew the lease for the Studio City Post Office, through the certified letters sent with return receipts to both the Partnership and to Franklin. The clerk shall enter judgment for the defendant. Costs for defendant.