Filed 11/7/24  Marriage of Oogjen and Pagan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of TABITHA OOGJEN AND AUGUSTINE PAGAN, JR..

TABITHA OOGJEN,

    Respondent,

v.

AUGUSTINE PAGAN, JR.,

    Appellant.

E082490

(Super.Ct.No. FAMVS2100356)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Guy A. Bovee, Judge.  Affirmed.

Augustine Pagan Jr., in pro. per., for Appellant.

Law Office of Robert O. Barton and Robert O. Barton for Respondent.

This marital dissolution action was pending when a Nevada court accepted a stipulation of the parties to annul the marriage.  Appellant Augustine Pagan, Jr. then requested the family court vacate a monetary discovery sanctions order against him and

dismiss this case.  Respondent Tabitha Oogjen requested additional monetary sanctions under Family Code section 271, plus costs awarded to her by this court as the prevailing party in a previous appeal arising from this case.[1]  The court granted Oogjen's request in part, awarding her $15,234.34 in costs and sanctions, substantially less than she had requested.  The court denied Pagan's request.  Pagan, representing himself, here challenges both the order denying his requests and the order granting in part Oogjen's.  We affirm.

FACTS

In an unpublished opinion, we affirmed the trial court's issuance of a domestic violence restraining order (DVRO) protecting Oogjen and "her seven-year-old son (whose father is 'not in the picture')" from Pagan.  (*Oogjen v. Pagan* (Aug. 5, 2022, E076637) [nonpub.opn.].)  We described the facts in part as follows:

"Oogjen was 26 years old at the time of her DVRO requests [in November 2020], and Pagan was 73.  She had known Pagan since she was eight years old, when he was dating her mother.  When she was 17, he 'approached' her with a proposal to exchange 'sexual behaviors for money for bills.'  That arrangement continued until November 2020.

"Pagan and Oogjen married in 2014, but they have never lived together, either before or after that date.  Until 2020, Oogjen believed, based on Pagan's representations, that the marriage was not legally binding but rather a pretense to 'protect [her son] from

---

[1]  Undesignated statutory references are to the Family Code.

2

the biological father.' Pagan had told her that purporting to be married was necessary to 'allow [Pagan] to have adoption rights' as to the child, but the adoption was not completed. In November 2020, Oogjen discovered that she had been 'tricked' and that the marriage was in fact legally effective." (*Oogjen v. Pagan*, *supra*, E076637.)

In February 2021, Oogjen petitioned for dissolution. During that litigation, in October 2022, the family court ordered Pagan to pay Oogjen $3,590 in discovery sanctions.

Meanwhile, Pagan sought to have the marriage annulled, both in proceedings he initiated in December 2021 in Nevada (where Pagan and Oogjen had married), and through a request for order filed in this case in February 2022. In April 2022, the family court denied Pagan's request for annulment, finding it barred by California's statute of limitations. Pagan appealed from that order. (Case No. E079086.)

In February 2023, however, Oogjen agreed to a stipulated decree of annulment in the Nevada proceedings, and the Nevada court accepted the parties' stipulation. Pagan then requested dismissal of his then-pending appeal (Case No. E079086), and this court granted his request. Our remittitur awarded Oogjen costs on appeal.

After our remittitur, in March 2023, Oogjen filed a memorandum of costs on appeal. In April 2023, she requested an order awarding her monetary sanctions under section 271, in addition to the costs on appeal. She sought $709.34 in costs on appeal, plus sanctions of "at least $50,000."

3

Also in April 2023, Pagan requested an order vacating the October 2022 sanctions order and dismissing the case with prejudice. Pagan argued an order dismissing Oogjen's petition for dissolution, as well as an order "extinguish[ing] all costs associated with it," was required because of the Nevada decree of annulment.

After a hearing in June 2023, the family court denied Pagan's request, but reserved jurisdiction on whether to dismiss, stating in its minute order that it "may" dismiss the case "[s]ubject to [Pagan's] completion of payments to [Oogjen] in the amount of $3500.00 and any other payments ordered and owed."[2] The court granted Oogjen's request in part, ordering Pagan to pay her additional sanctions and costs totaling $15,234.34. The court found the sanctions appropriate under section 271 because Pagan made two frivolous requests for orders—the first, filed in September 2021, accused Oogjen's attorney of abuse of process and aiding malicious prosecution, and the second, filed December 2021, sought reconsideration of the denial of the first—as well as Pagan's appeal from the denial of his request for an annulment.

## DISCUSSION

The premise underlying Pagan's arguments on appeal is that the Nevada court's annulment of his marriage to Oogjen not only renders the marriage a nullity, but also the California litigation about that marriage. The premise is false.

---

[2] The October 2022 sanctions order included, it seems, an award of attorney fees of $3,500 and $90 in other fees.

4

Pagan here challenges an award that includes both costs on appeal and sanctions under section 271 for "conduct [that] furthers or frustrates the policy of the law to promote settlement of litigation and, where possible . . . reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (§ 271, subd. (a); see *ibid.* [an order imposed under § 271 "is in the nature of a sanction"].) "An order imposing sanctions under section 271 is generally reviewed for abuse of discretion." (*In re Marriage of Blake & Langer* (2022) 85 Cal.App.5th 300, 308.) "However, when a party contends that the trial court did not have jurisdiction or authority to make a challenged order, we review the claim de novo." (*Ibid.*) The same standards of review apply to an award of litigation costs. (E.g., *Gramajo v. Joe's Pizza on Sunset, Inc.* (2024) 100 Cal.App.5th 1094, 1101 [award of fees and costs generally reviewed for abuse of discretion, but "when the determination of whether a party was entitled to its attorney fees and costs is a matter of statutory construction and presents a question of law, our review is de novo"].) The court's denial of Pagan's request to vacate the October 2022 sanctions order and dismiss the case presents only questions of law, which we review de novo. (See *Westchester Secondary Charter School v. Los Angeles Unified School Dist.* (2015) 237 Cal.App.4th 1226, 1236.)

First, the Nevada court did not purport to rule on all pending matters in the parties' California marital dissolution proceeding. The Nevada court could, and did, end the parties' marriage and "return[]" them each to the "status of single, unmarried person." That judgment is entitled to "the same consideration and weight as though rendered by a

5

court of this state." (*McCormack v. McCormack* (1917) 175 Cal. 292, 293.) The Nevada court could not, and did not, adjudicate other matters. For example, the Nevada court's order adopted the parties' stipulation that they would each "bear their own attorney's fees and costs incurred *in the above-entitled matter*." (Italics added.) On its face, that order does not preclude a different apportionment of attorney's fees and costs incurred in the separate California litigation. And nothing in the Nevada judgment purports to disturb the California court's authority to sanction the parties for their behavior during the California litigation. Thus, Pagan is incorrect that the Nevada annulment rendered every aspect of the parties' California litigation moot, or that the California court was required to vacate its previous orders and dismiss the case to give full faith and credit to the Nevada judgment.

Also, even if the Nevada court's judgment resolved all then-pending issues in the parties' California case, such that dismissal was appropriate, the California court still would retain jurisdiction to decide Oogjen's motion for an award of costs and sanctions. After dismissal of a lawsuit (or after entry of judgment), "'most orders . . . are void and have no effect.'" (*In re Marriage of Blake & Langer*, *supra*, 85 Cal.App.5th at p. 307.) But motions for attorney fees and costs, as well as motions for sanctions, including sanctions under section 271, are exceptions to that general rule. (*In re Marriage of Blake & Langer*, *supra*, at p. 308.) Such motions involve "'collateral statutory rights'" that are "'not directly based on the merits of the underlying proceeding,'" so the resolution of the

6

underlying proceeding does not affect the court's authority to conduct those collateral proceedings.  (*Id.* at p. 309.)

Finally, although Pagan claims the family court abused its discretion in awarding Oogjen costs on appeal and section 271 sanctions, he has articulated no valid reason why that might be so.  The motion was not "late," as Pagan would have it.  (See *Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1520-1521 [motion for section 271 sanctions may be filed either "'during the course of the litigation when the uncooperative conduct arises in order to encourage better behavior as the litigation progresses'" or "'at the end of the lawsuit, "when the extent and severity of the party's bad conduct can be judged"'"].)  And Pagan's assertions of bias and prejudice are without evidentiary support.  "[A] judge's 'rulings against a party—even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review." (*People v. Armstrong* (2019) 6 Cal.5th 735, 798.)

In short, Pagan has demonstrated neither abuse of discretion nor legal error in the family court's decisions to deny Pagan's request that it vacate the October 2022 sanctions award and dismiss the case, and to grant in part Oogjen's request for additional sanctions and costs.  We therefore will affirm these orders.

Oogjen asks that we remand with instructions for the family court to enter "a further order" of sanctions under section 271 "in an amount not to exceed $10,000 for Pagan's instant frivolous appeal."  We decline to direct the court to impose further sanctions, but we also do not preclude it from considering a properly presented sanctions

motion.  (*In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100 ["Whether to impose sanctions and the amount thereof is addressed to the trial court's sound discretion"].)

DISPOSITION

The challenged orders are affirmed.  Oogjen is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____<br>J.

We concur:

McKINSTER_____
          Acting P. J.

FIELDS_____
                  J.

8