In the Matter of the Estate of THEODORE GILMOUR, Deceased.

Surrogate's Court, St. Lawrence County, October 8, 1932.

*John C. Tulloch*, for Florence Gilmour Ducett.

*Frank L. Scott*, for the next of kin.

*Robert S. Waterman*, special guardian for Ruth Volans.

*Fred J. Gray*, for Mary Isabel Gilmour, widow.

CHANEY, S. Theodore Gilmour, late of the town of Morristown, St. Lawrence county, died January 22, 1932. He left a widow, Mary Isabel Gilmour, a brother, three sisters, and several nephews and nieces, as his heirs at law and next of kin.

His first marriage was in 1891, to Florence Gilmour. They lived together as husband and wife until 1913. During this time, and under date of June 24, 1905, Theodore Gilmour executed a last will and testament, which contained this clause, " I give, devise and bequeath all my property, real and personal, to my wife Florence Gilmour," and he appointed her executrix of that will.

In 1913 storms swept across the matrimonial sea, and what was once a blissful calm was transformed into unpleasant and ceaseless controversy. As to whose was the fault is immaterial. It is to be noted that as a result Theodore Gilmour and Florence Gilmour separated forever. They entered into a written separation agreement; they also agreed as to a division of their property; by this agreement he was to pay her, and did pay her, the sum of $5,000.

Later he went to the State of North Dakota, and in February, 1916, obtained in that State an absolute divorce from Florence Gilmour. She appeared in the action, and was represented by counsel. Afterward he married a second wife, and she a second husband. She is living with her second husband, Mr. Ducett, at the present time. Theodore's second wife survived him, although they separated several years before he died, and they also entered into a written separation agreement.

An application has been made by Elizabeth Smithers, a sister, for the appointment of an administrator; and in considering this application it is necessary to determine:

(1) Whether the will of Theodore Gilmour, made under date of June 24, 1905, and which is the only will he ever executed, has been revoked by the separation agreement entered into between himself and Florence Gilmour.

(2) Whether the second wife, Mary Isabel Gilmour, is entitled to share in his estate; or whether by her separation agreement made under date of June 4, 1920, she released him and his estate from all claims, rights and benefits as his wife or widow.

It is urged by counsel for Florence Gilmour that the separation agreement entered into between herself and Theodore Gilmour did not revoke his will previously made, because it does not expressly

state that she released his estate from all benefits which his will might give to her. In interpreting and construing written instruments, recognition is given not only to the letter, but to the spirit of the instrument; that is, what did the parties really intend. The two things which naturally prompt a man to make a will in favor of his wife are his regard and affection for her, and the obligation he might feel to provide for her comfort and support after he has gone. Those two elements ceased to exist from the date of their separation. The fact that he obtained a divorce, and that she appeared and submitted herself to the jurisdiction of the court, the fact that he married again, and also that she married again, furnish abundant proof to justify such conclusion. It also appears from the evidence that he and she never communicated and never spoke to each other subsequent to the separation agreement. We have only to follow their own interpretation of that separation agreement to reach what I believe to be the right conclusion in this matter.

It is also urged on behalf of the proponent of the will that Theodore Gilmour must have remembered that he had made this will in favor of Florence, and that if he had not intended this will to prevail he would have destroyed it, or revoked it by executing another will. Would it not be more logical to believe that after his separation and his divorce, and his subsequent marriage, and after her subsequent marriage, if he still desired this will to control the disposition of his property, he would have republished and redeclared the same, so that his intention could not be questioned? In his will he gives his property to " my wife, Florence Gilmour." Is not it a fair assumption that he gave it to her in this will because she was his wife at that time? Might he not as well have said in his will, " I give all my property to Florence Gilmour, because she is my wife, and because I love her and desire that she have my property for her support and happiness after I am gone? " The will, if it speaks at all, speaks from the date of death of the testator, and at that time she was not his wife.

I, therefore, hold that the will of Theodore Gilmour, executed June 24, 1905, was revoked by the separation agreement of February 11, 1913.

On the second question, I hold that in and by the separation agreement entered into between Theodore Gilmour and Mary Isabel Gilmour, bearing date June 4, 1920, she released his estate from all rights, claims and benefits as his wife and widow; and, therefore, she is not entitled to share in his estate, and not entitled to be appointed administratrix.

Letters of administration to issue as petitioned by Elizabeth Smithers. Decree may be submitted on notice, or at such time as counsel for respective parties may stipulate.