[Civ. No. 20000.   Second Dist., Div. Two.   Apr. 26, 1954.]

Estate of LOUIS BARTOLO, Deceased. KATHERINE POLETTI et al., Appellants, v. LUCILE KOFOED et al., Respondents.

Harold J. Ackerman and Leo Geffner for Appellants.

Cyril A. Walton for Respondents.

McCOMB, J.—Appellants have appealed from an order admitting the holographic will of Louis Bartolo to probate. There is also a purported appeal from the judgment sustaining without leave to amend a demurrer to the second amended contest of respondent.

*Facts*: Appellants are the living brothers and sisters of decedent. Respondent is the divorced wife of decedent and the named beneficiary of an holographic will executed by decedent the 11th of January, 1946, by which he bequeathed all of his possessions to respondent, and which included this statement, "If we are divorced or separated she still is to receive the forementioned benefits—to be the sole heir." At such time respondent was decedent's wife.

On January 16, 1946, respondent and decedent executed a property settlement agreement, which, after reciting that they were living separate and apart from each other and agreed to so live in the future, contained, among others, the following paragraphs:

". . . Whereas, it is the desire and intention of the parties hereto that their relations with respect to property and financial matters shall be settled and finally established by this agreement in order to determine and settle once and for all time the present and future property rights, claims, and demands of a pecuniary nature between the parties hereto in such manner that any action with respect to the rights and obligations of the one to the other which may now exist or which may or can hereafter arise shall be finally and conclusively settled and determined by this agreement; . . .

". . . It is the intent and understanding of this agreement

that all claims of whatever nature or extent which may be asserted against either party hereto are intended to be included herein and each party shall take the property set apart to him or her by the terms of this agreement, free and clear of all debt or obligations of the other, present or future, except as otherwise expressly provided herein.

". . . Second Party hereto, as the husband of the First Party, and First Party hereto, as wife of Second Party, each does hereby relinquish all right in law, or in equity, or by descent or inheritance in and to all property or rights in property which the other now has or may hereafter acquire of whatever nature, including community rights in property acquired or to be hereafter acquired during the continuance of the marriage of the parties hereto, or now in the possession of said parties. Each party hereby releases and relinquishes all right to act as executor, administrator or personal representative of the estate of the other.

"This agreement is intended to be and is a full, complete and final property settlement agreement between the parties hereto. It is specifically agreed that all property rights arising out of the marriage contract or from any source whatever, have been and now are settled, once and forever, and that the provisions hereof shall extend to and include the executors, administrators, heirs and successors in interest of the parties hereto. Each party shall, upon the request of the other, execute or cause to be executed, good and sufficient releases of community right or rights or other alleged rights of each in the property herein set apart to the other and will deliver the same to the other, or his or her heirs or assigns, and each party shall join, upon request, with the other in executing deeds and instruments of release or conveyance of any property, real or personal, now owned or hereafter acquired by the other.

". . . The parties hereto are further agreed that this agreement shall be binding upon each of their heirs, executors, administrators and assigns and that said agreement is fair and equitable.

"Neither party hereto by the execution of this agreement acknowledges any fault on the part of either, or waives any rights which may accrue to either party hereto, except such as are herein specifically set out."

*Question: Did the property settlement agreement contain terms and provisions clearly inconsistent with the terms of decedent's will?*

*No.* Section 73 of the California Probate Code reads in part as follows: "If the instrument by which an alteration is made in the testator's interest in any property previously disposed of by his will expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect."

Appellants contend that applying the foregoing code section to the terms of the property settlement, decedent's will was revoked. This contention is not sound. █ The law is settled in California that the mere execution of a property settlement agreement between a husband and wife whereby they adjust their property rights does not revoke a previous will executed by one of the spouses under the terms of which the other is named as a beneficiary.* (*Estate of Crane,* 6 Cal.2d 218, 219 [1] et seq. [57 P.2d 476, 104 A.L.R. 1101]. *Cf. Grimm* v. *Grimm,* 26 Cal.2d 173, 177 [7] et seq. [157 P.2d 841]; *Estate of Patterson,* 64 Cal.App. 643, 646 [222 P. 374].)

█ It is likewise settled that parol evidence is inadmissible to vary or contradict a written agreement if it is not ambiguous. (*Hutchinson* v. *Hutchinson,* 48 Cal.App.2d 12, 20 [4] [119 P.2d 214].)

Applying the foregoing rules to the facts in the present case it is apparent there is no ambiguity either in the property settlement agreement or in decedent's will. Thus it would have been improper for the trial court to receive parol evidence as contended by appellants.

█ A reading of the property settlement agreement fails to show any intention upon the part of decedent to revoke his previous will which named his wife as his beneficiary nor is there anything inconsistent in the property settlement with the terms of his will and the matter of the disposition of his property made thereby. On the contrary the property settlement contains this provision: "Neither party hereto by

---

*Where a rule of law is clearly established by decisions of the courts of this state, we are not at liberty to overrule it in favor of one followed in decisions of other states. (*Estate of Perez,* 98 Cal.App.2d 121, 122 [2] [219 P.2d 35].) Therefore *In re Gilmour's Estate,* 146 Misc. 113 [260 N.Y.S. 761], *In re Bartlett's Estate,* 108 Neb. 681 [190 N.W. 869, 25 A.L.R. 39], *In re Martin's Estate* 109 Neb. 289 [190 N.W. 872] and *Lansing* v. *Haynes,* 95 Mich. 16 [54 N.W. 699], relied on by appellants, are inapplicable to the present case because the holdings in such cases are contrary to the decisions of the appellate courts of this state.

the execution of this agreement acknowledges any fault on the part of either, or waives any right which may accrue to either party hereto, except such as are herein specifically set out,'' which makes the property settlement agreement thoroughly consistent with the terms of decedent's will and the provision therein reading as follows: ''If we are divorced or separated she still is to receive the forementioned benefits —to be the sole heir.''

It thus appears that section 73 of the California Probate Code has no application to the case at bar, and the judge's admission of the will to probate was correct.

Since an order sustaining a demurrer to a will contest is not designated as an appealable order in section 1240 of the Probate Code such an order is nonappealable. (*Cf. Estate of Patterson*, 220 Cal. 370 [31 P.2d 197] ; *Estate of Stierlen*, 199 Cal. 140, 142 [1] [248 P. 509].)

The order admitting the will to probate is affirmed and the purported appeal from the judgment sustaining the demurrer to the second amended contest is dismissed.

Moore, P. J., and Fox, J., concurred.