[No. D008923. Fourth Dist., Div. One. Mar. 26, 1990.]

Estate of THOMAS HORN, Deceased.
JULIA K. SLUSHER, Contestant and Appellant, v.
ROXANN M. BURNETT, Claimant and Respondent.

**COUNSEL**

Jerry M. Leahy for Contestant and Appellant.

Hendrix & Aller and Andrew T. K. Aller for Claimant and Respondent.

**OPINION**

**WIENER, Acting P. J.**—Former Probate Code sections 370[1] and 380[2] provide separate procedural routes for contesting a will. Section 370 authorizes a contest before the will is admitted to probate; section 380 authorizes the contest after the will is admitted. In this appeal we conclude a contestant filing a will contest under section 370 may not continue on that preprobate track after a final order is entered admitting the will to probate. We decide, however, that this rule should not deprive the contestant here—who timely filed her preprobate contest under section 370—of the opportunity to

---

[1] At the time of this proceeding Probate Code section 370 stated in part: "Any person interested may contest the will by filing written grounds of opposition to the probate thereof at any time before the hearing of the petition for probate, and thereupon a citation shall be issued directed to the heirs of the decedent and to all persons interested in the will, . . . directing them to plead to the contest within 30 days after service of the citation, which shall be made in the manner provided by law for the service of a summons in a civil action. . . ."

Section 370 was repealed and replaced by sections 8250 and 8251, operative July 1, 1989.

All statutory references are to the Probate Code unless otherwise specified.

[2] At the time of this proceeding section 380 read: "When a will has been admitted to probate, any interested person, other than a party to a contest before probate and other than a person who had actual notice of such previous contest in time to have joined therein, may, within 120 days after the date the court admits the will to probate . . . contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked."

Section 380 was repealed and replaced by section 8270, operative July 1, 1989.

contest the will postprobate. Because the requisite allegations are virtually the same for petitions filed under either section, we hold the probate court should have affirmatively acted on the contestant's request to treat the section 370 petition as a section 380 petition. Accordingly, we reverse the judgment of dismissal and instruct the court to rule on the remaining grounds of respondent's demurrer.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas Horn died on February 14, 1988, survived by his daughter, contestant Julia K. Slusher, and eight grandchildren. Six grandchildren, including respondent Roxann M. Burnett, are the children of Horn's predeceased daughter.

On March 4, 1988, Burnett petitioned the probate court to admit Horn's July 1987 will. The court granted the petition on March 31, 1988. In accordance with the terms of the will the court appointed Burnett as executor. Horn's will disinherited Slusher and her two daughters but expressly included his other grandchildren.

On March 23, 1988, Slusher filed her will contest under section 370 alleging that probate should be denied because the decedent was of unsound mind when he executed the will and the will was the result of Burnett and her husband's undue influence. The court signed the citation on March 22, 1988. Burnett was not served with the citation and contest until nine days after the will was admitted to probate.

In May 1988 Burnett demurred to Slusher's will contest asserting the court lacked jurisdiction over the subject matter because the will had been admitted to probate, Slusher failed to join Burnett as special administrator, and the allegations were insufficient to state causes of action based on Horn's unsound mind and Burnett's undue influence. The demurrer was heard on July 13, 1988, within the 120-day period for filing a postprobate petition under section 380.

On October 3, 1988, the court sustained the demurrer without leave to amend stating the "Contestant has waived her right, if any, to proceed with the purported contest on file herein by failure to comply with procedural requirements, including, but not limited to failure to appear at hearing on

the petition for probate of will; and, finally, failure to object to the admission of the decedent's will to probate." Slusher appeals from that order.[3]

DISCUSSION

I

■ We could quickly—but incorrectly—dispose of this appeal by referring to the well-settled rule that there is no right of appeal from any orders in probate other than those specifically designated in former section 1297[4] (*Estate of Herrington* (1947) 79 Cal.App.2d 389, 390 [179 P.2d 650]; 9 Witkin, Cal. Procedure, *op. cit. supra,* Appeal, § 115, p. 132) and state that the order here is not appealable because an order sustaining a demurrer to a preprobate will contest has not been designated as an appealable order. (*Estate of Bartolo* (1954) 124 Cal.App.2d 727, 731 [269 P.2d 30]; 9 Witkin, Cal. Procedure, *op. cit. supra,* Appeal, § 117, p. 133.) We do not do so because a dismissal of the appeal on this technical ground unfairly deprives Slusher of her day in court on a will contest, the grounds of which are set forth in a timely filed section 370 petition. Resolution of the issue before us requires that we treat Slusher's appeal as a petition for extraordinary relief. (See *Nazaroff* v. *Superior Court* (1978) 80 Cal.App.3d 553, 557-558 [145 Cal.Rptr. 657].)

II

■ About a century ago the California Supreme Court explained "the policy of the law is to facilitate, and not to delay, the settlement of the estates of deceased persons." (*In re Wiard* (1890) 83 Cal. 619, 620 [24 P. 45].) If anything the intervening years have reinforced that policy. It is clear that there is a pervasive and dominant judicial and legislative theme that probate matters must be expeditiously handled to effect a prompt distribution of property to the decedent's designated beneficiaries and to avoid unnecessary delay and expense. (*Depeaux* v. *Peck* (1897) 118 Cal. 522, 524 [50 P. 682]; *Estate of Dargie* (1939) 33 Cal.App.2d 148, 158 [91 P.2d 126]; 1 Goddard, Probate Court Practice (3d ed. 1977), Probate Court, § 22, p. 24; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 230, pp. 5739-5740.) In this context it is understandable why the Legislature limited the time within which will contests can be filed to relatively short periods. (See fns. 1 and 2, *ante.*) The Legislature was undoubtedly aware

---

[3] Slusher purports to appeal from the order sustaining the demurrer. We modify the order to include a dismissal of the will contest and construe the appeal to be from the modified order. (See *Wilson* v. *Household Finance Corp.* (1982) 131 Cal.App.3d 649, 651-652 [182 Cal.Rptr. 590]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 59, p. 83.)

[4] Section 1297 was replaced with section 7240, operative July 1, 1989.

that longer limitations periods heighten uncertainty over the validity of the will and result in increased expense to the parties.

■ The date on which the will is admitted to probate serves as the bright line for the commencement of the 120-day period within which a postprobate contest can be filed. (§ 380, fn. 2, *ante*.) This legislative determination reflects the intent that an earlier filed section 370 petition may not be heard after the will is admitted. To conclude otherwise would permit a virtually open-ended section 370 period provided the contestant merely filed the petition before the will was admitted to probate, a result inconsistent with the legislative purposes we have described. Reasonably interpreted section 370 requires not only that the will contest be filed "at any time before the hearing of the petition for probate," but also that the contestant take affirmative action to prevent the will from being admitted to probate if the contestant wants a trial on that petition.

■ In this case the order admitting the will has never been challenged and it is long since final. Had Slusher wished to pursue her preprobate will contest she could have appeared at the hearing to admit the will, advised the court of her pending petition, and requested that the hearing be continued. (See San Diego Super. Ct. Rules, rule 4.50.)[5] At minimum, Slusher's section 370 petition should have noted the date and time of the hearing on the petition to admit the will. (San Diego Super. Ct. Rules, rule 4.7.)[6] Lacking information on the status of the section 370 petition, the probate court properly admitted the will. As a general rule a probate court should not be required to act on its own motion to postpone a hearing on admitting a will to probate even when a petition contesting the will is in the probate file. When the party contesting the will fails to appear or otherwise inform the court of the status of the contest, the court can reasonably conclude the will contest was either amicably resolved or that the contestant had decided to challenge the will under section 380.

The final order admitting the will to probate eliminated the possibility of a preprobate contest. To some great extent, however, the court and the parties acted as if the section 370 petition were still pending. Notwithstanding this general approach, Slusher's counsel acknowledged it was a distinct possibility the court did not have jurisdiction to consider the section 370

---

[5] Local rule 4.50 provides: "If an interested party appears in person or by attorney when a petition for the probate of will is called for hearing and declares that he desires to file a written contest, the court will continue the hearing with the understanding that if a contest is not actually on file at the new hearing date, the hearing will proceed."

[6] Local rule 4.7 reads in part: "The hearing date is required on documents filed in connection with matters already set for hearing."

petition. He said, "I would like first to address the issue of mootness. [¶] Your Honor, section 380 of the Probate Code allows the filing of a contest after a will had been admitted to probate within 120 days. I have sufficient time within which to do that if the court were to feel that that is necessary, although I don't think that that should be considered necessary. [¶] *If it is, I would certainly ask the court to deem this contest as if it had been filed after the admission of the will to probate.*" (Italics added.)

Although counsel's latter comment could have been made in a more formal manner it clearly reflects his intent that if jurisdictionally necessary the court should treat the section 370 petition as a section 380 petition. The court unfortunately failed to respond reflecting its view there was a possibility that it had jurisdiction to consider the merits of the will contest under section 370. As our earlier discussion points out, the court's power to hear the section 370 petition lapsed with its admission of the will to probate. Thus instead of remaining silent, the court should have responded to counsel's request by treating the section 370 petition as a section 380 petition.

Petitions filed under sections 370 and 380 are virtually the same. Both petitions require the contestant allege the ground(s) for the contest, that is, undue influence, lack of due execution, or lack of testamentary capacity. (§ 8270, subd. (a); see also former § 380; § 8252; 3 Cal. Decedent Estate Practice (1989) Will Contests, §§ 22.126 and 22.153, pp. 22-80 and 22-97.) Contestants must also allege the interest in the estate which gives them standing to contest admission of the will. (*Estate of Lind* (1989) 209 Cal.App.3d 1424, 1435 [257 Cal.Rptr. 853].) The only material difference in the two petitions is that a section 380 petition must allege the date the will was admitted to probate. This pleading requirement is easily satisfied by simple interlineation. Any tactical differences between preprobate and post-probate contests work in Burnett's favor. (See Ross & Moore, Cal. Practice Guide: Probate (1989), Litigation, §§ 15:189-15:191, pp. 15-15–15-52.)

There is also no problem with notice in this case. Burnett was served with the citation and section 370 petition in April 1988. We therefore conclude the court prejudicially erred in failing to grant Slusher's request to treat the section 370 petition as a section 380 petition.[7]

---

[7] We wish to stress that our holding in this case should not be construed that every section 370 petition must be treated as a section 380 petition after the will is admitted to probate. Our decision here rests on what in effect was a motion to amend the section 370 petition. Absent that motion the timely filing of a section 380 petition is necessary following the admission of the will to probate.

## DISPOSITION

Judgment reversed with instructions to overrule the demurrer. On remand the court shall consider the merits of Burnett's contentions concerning the sufficiency of the allegations of undue influence and lack of testamentary capacity. The parties to bear their respective costs on this appeal.

Work, J., and Todd, J., concurred.