[No. G009776. Fourth Dist., Div. Three. Apr. 8, 1991.]

Estate of SONYA WEBER, Deceased.
RUTH HOLLIS, Petitioner and Respondent, v.
JACK K. WEBER, Contestant and Appellant.

**COUNSEL**

Jack K. Weber, in pro. per., for Contestant and Appellant.

Robert D. Wilner for Petitioner and Respondent.

**OPINION**

**SONENSHINE, J.**—Jack K. Weber appeals the sustaining of a demurrer without leave to amend his opposition to probate of his mother's will. (Prob. Code, § 8250.)[1] He contends he has standing as an interested person, despite the trial court's finding the result would be the same whether he is a beneficiary pursuant to the will or receives his share pursuant to intestacy.

---

[1] All further statutory references are to the Probate Code.

I

The decedent, Sonya Weber, was the mother of both Jack Weber and Ruth Hollis. Sonya left a will dated July 22, 1982, and a codicil dated July 20, 1988. Except for a few token bequests, the will and codicil divided Sonya's assets equally between Ruth and Jack.[2]

A few months after Sonya's death in 1989, Jack petitioned to be appointed administrator of the estate, and Ruth petitioned for probate of the will. After Jack filed a will contest, the trial court sustained, without leave to amend, Ruth's demurrer to Jack's first amended complaint and opposition to probate of the will. Judgment was entered dismissing the contest.

II

The appeal is not properly before us. There is no right of appeal from probate orders except those specified in the Probate Code. (§ 7240; *Estate of Herrington* (1947) 79 Cal.App.2d 389, 390 [179 P.2d 650].)[3] A dismissal of a contest filed before a will is admitted to probate is not among the appealable orders listed in section 7240. (*Estate of Stierlen* (1926) 199 Cal. 140, 143 [248 P. 509]; *Estate of Bartolo* (1954) 124 Cal.App.2d 727, 731 [269 P.2d 30].)

In *Estate of Stierlen, supra,* 199 Cal. at page 143, the court explained: "It is true that a somewhat different rule applies in ordinary civil actions, that is, after an order is made sustaining a demurrer, which is not an appealable order, is followed by a judgment dismissing the action upon plaintiff's failure to amend after demurrer sustained, an appeal can be taken from said judgment. This, however, is not the rule as to a judgment rendered in a probate proceeding dismissing a contest after the sustaining of a demurrer thereto. [Citation.]" The court further noted an appeal lies only from an order admitting the will to probate. (*Ibid.*; § 7240, subd. (b).) As in *Stierlen,* the will in the present case has not yet been admitted to probate and the order sustaining the demurrer is not appealable.

Recognizing the parties cannot confer jurisdiction on the court (*Winter* v. *Rice* (1986) 176 Cal.App.3d 679, 681-682 [222 Cal.Rptr. 340]), Ruth has asked us to treat this appeal as a writ petition. We sympathize with the desire of the parties to avoid any further delay, but we decline her request.

---

[2] The will also purported to devise Sonya's Seal Beach apartment to Ruth. However, this property was held by Sonya and Ruth as joint tenants with right of survivorship.

[3] The Probate Code was amended in 1989. Section 7240 is essentially the same as its predecessors, i.e., former sections 1297 and 1290, and former Code of Civil Procedure section 963, subdivision (3).

A petition to treat a nonappealable order as a writ should only be granted under extraordinary circumstances, " 'compelling enough to indicate the propriety of a petition for writ . . . in the first instance . . . .' [Citation.]" (*DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 437 [160 Cal.Rptr. 899].) ■ " 'The writ of certiorari is available in this state only if the following conditions are present: (1) an excess of jurisdiction on the part of an inferior tribunal; (2) no right of appeal; and (3) no other plain, speedy and adequate remedy.' " (*Estate of Glassgold* (1950) 97 Cal.App.2d 859, 864 [218 P.2d 1016].) ■ Here, as outlined in *Estate of Stierlen, supra,* 199 Cal. at page 143, although the order sustaining the demurrer is not appealable, there is an adequate remedy of appeal. Jack can appeal the order admitting the will to probate.[4] (§ 7240, subd. (b).)

There are simply no extraordinary circumstances which would warrant treating this appeal as a writ.[5] Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders.

The appeal is dismissed.

Sills, P. J., and Crosby, J., concurred.

---

[4] In any event, it appears the order sustaining the demurrer was properly entered. As in any other proceeding, a petitioner in a probate proceeding must have standing. In the context of a will contest, the petition must allege sufficient facts to demonstrate the petitioner is an "interested person." (§ 1043; 12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, § 523, pp. 546-547.)

An "interested person" is "defined as one who has such a pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will or be benefited by setting it aside." (*Estate of Marler* (1957) 148 Cal.App.2d 30, 33 [306 P.2d 105].) Thus, a will contestant must show his or her share of the distribution will be increased if the contest is successful.

Sonya's will contained a residuary clause which divided her assets equally between Ruth and Jack. Even if Jack were successful in challenging the will, the result would be the same. Because Sonya left no surviving spouse, her estate would be divided between her children, Ruth and Jack. (§ 6402, subd. (a).) Thus, it would appear Jack cannot benefit by pursuing the will contest.

[5] Because the parties have briefed the merits of the appeal, they are no doubt anxious for a decision without the necessity of another appeal after the will has been admitted to probate. However, in Jack's opening brief, he conceded the order he was appealing was not appealable. The parties could have cured this problem themselves several months ago.