[No. C054387. Third Dist. May 27, 2008.]

SAN JOAQUIN COUNTY DEPARTMENT OF CHILD SUPPORT
SERVICES, Plaintiff and Respondent, v.
STEVEN D. WINN, Defendant and Appellant.

COUNSEL

Law Office of Bruce P. Zelis and Bruce P. Zelis for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Douglas M. Press, Assistant Attorney General, Paul Reynaga and Sharon Quinn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—In July 2004, the County of San Joaquin Department of Child Support Services (the county) commenced this proceeding against Steven D. Winn to establish that he is the father of two children and to obtain an order that he pay child support and provide health insurance for those children.

In March 2005, the county filed an order to show cause seeking (among other things) an order for genetic testing. Winn filed an "objection" to the county's action on the grounds of lack of jurisdiction and lack of standing. Essentially, Winn's argument was that the children had been born during the marriage of their mother, Jeanelle O., to another man (Gregory O.) and that man "should have been found to be the presumed father" of the children in the proceeding to dissolve the marriage. Instead, Winn contended, the court in the dissolution proceeding had wrongfully ordered genetic testing and determined that Gregory O. was not the children's father.[1] Winn contended the county's request for genetic testing as to him was untimely under Family Code section 7541, the county was not a proper party to bring such a motion, and the county did not have the right to bring this proceeding under Family Code

---

[1] The court in the dissolution proceeding determined that Gregory O. and Jeanelle O. were not cohabiting when both children were conceived and therefore the rebuttable presumption of paternity in Family Code section 7611, rather than the conclusive presumption of paternity in Family Code section 7540 applied. Based on the results of genetic testing excluding Gregory O. as the children's father, the court found the Family Code section 7611 presumption had been rebutted.

section 7630 because Gregory O. was (or should have been) the children's presumptive father.[2] Winn requested that the court dismiss the proceeding.

In response, the county argued the proceeding was properly before the court under Family Code section 7630 because, based on the determination in the dissolution proceeding that Gregory O. was not the father of the children, they have no presumptive father.

The matter was heard and taken under submission by Commissioner Herbert Horstmann on September 27, 2005.

On October 12, 2006,[3] the commissioner issued a "Proposed Statement of Decision" in which he concluded that the county "has both jurisdiction and standing to bring the present action." The commissioner reasoned that "based on the rule of res judicata, it cannot now revisit the paternity issues that were decided" in the dissolution proceeding. Accordingly, the commissioner granted the county's motion for genetic testing. The decision also provided, "This Proposed Statement of Decision will become the Judgment of the Court if no objections by the parties have been filed within fifteen (15) days of the filing of this Statement."

On December 11, 2006, Winn filed a notice of appeal from what he claims was a "Judgment after court trial" that was entered on October 27, 2006, i.e., 15 days after the court issued its proposed statement of decision.

## DISCUSSION

### I

### *There Is No Final Judgment*

As a threshold matter, the county contends Winn's appeal must be dismissed because it is from a "discovery order," not a final judgment. Winn contends that what he has appealed from *is* a judgment, and if not, this court should treat his appeal as a writ petition.

Contrary to Winn's arguments, the decision of which he seeks review is *not* a final judgment subject to appellate review. Just because the proposed

---

[2] Subdivision (c) of Family Code section 7630 authorizes the county to bring "[a]n action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 7611 or whose presumed father is deceased."

[3] No explanation appears in the record for why it took Commissioner Horstmann more than a year to rule on this matter.

statement of decision provided that it would become the court's "Judgment" if no one objected within 15 days does not make it a "judgment" from which an appeal can be taken under Code of Civil Procedure section 904.1, subdivision (a)(1). While the trial court may have thought the statement created a judgment, it did not.

■ Under the final judgment rule, " ' "There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy" [citations]. A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' " (*Maier Brewing Co. v. Pacific Nat. Fire Ins. Co.* (1961) 194 Cal.App.2d 494, 497 [15 Cal.Rptr. 177].)

■ The order for genetic testing here in no way terminates the litigation between the parties or finally determines their rights in relation to the matter in controversy. ■ It is true (as Winn observes) that under the "collateral order" exception to the final judgment rule, "an appeal will lie from [a] collateral order even though other matters in the case remain to be determined," but that exception applies *only* "[w]here the trial court's ruling on a collateral issue 'is substantially the same as a final judgment in an independent proceeding' [citation], in that it leaves the court no further action to take on 'a matter which . . . is severable from the general subject of the litigation.' " (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561 [101 Cal.Rptr.2d 86].) If an order is " 'important and essential to the correct determination of the main issue' " and " 'a necessary step to that end,' " it is not collateral. (*Steen v. Fremont Cemetery Corp.* (1992) 9 Cal.App.4th 1221, 1227 [11 Cal.Rptr.2d 780].) Here, the issue of genetic testing is not severable from the general subject matter of the litigation, which is to establish whether Winn is the father of the children and to obtain an order that he pay child support and furnish health insurance; instead, it is *integral* to that subject matter. Accordingly, the order for genetic testing is not appealable as a collateral order.

## II

### *We Decline to Consider This a Writ Petition*

■ Winn asks us to treat his purported appeal as a writ petition. We have the power to do so, but "we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720].) Our Supreme Court has explained that, with respect to interim orders in general and discovery orders in particular,

generally "the parties must be relegated to a review of the order on appeal from the final judgment. As inadequate as such review may be in some cases, the prerogative writs should only be used in discovery matters to review questions of first impression that are of general importance to the trial courts and to the profession, and where general guidelines can be laid down for future cases." (*Oceanside Union School Dist. v. Superior Court* (1962) 58 Cal.2d 180, 185, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].)

■ Winn contends that is the case here, but we disagree. This case arises out of a rather unusual situation—a paternity action following a determination in a dissolution proceeding that the husband was not the father of children born during the marriage. We are given no reason to believe this unusual situation gives rise to questions that "are of general importance to the trial courts and to the profession." Additionally, mandamus relief is typically available only if there is no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., § 1086; *City of Oakland v. Superior Court* (1996) 45 Cal.App.4th 740, 750 [53 Cal.Rptr.2d 120].) Here, if the genetic testing excludes Winn as the children's father, the case will be over and there will be no need for any review. If, on the other hand, paternity is established following the genetic testing, then Winn will have an adequate remedy on appeal from the judgment determining him to be the children's father and ordering him to pay child support for them.

"Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders." (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25 [280 Cal.Rptr. 22].) "Strong policy reasons underpin the one final judgment rule, and the guidelines for 'saving' appeals from nonappealable orders. The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders. To treat the instant appeal as a writ application would obliterate that bright line and encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be 'saved by the appellate courts.' We cannot condone or encourage such practice." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1455–1456 [9 Cal.Rptr.2d 862], fn. omitted.)

## DISPOSITION

The appeal is dismissed.

Sims, Acting P. J., and Butz, J., concurred.