Filed 8/29/13  Kurzulian v. Shvartsman CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GRAG KURZULIAN, | B244321 |
| Cross-complainant and Appellant, | (Los Angeles County Super. Ct. No. EC052747) |
| v. | |
| ALEXANDER SHVARTSMAN, | |
| Cross-defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Dismissed.

Law Offices of Farris Ain and Farris E. Ain for Cross-complainant and Appellant.

Ashton R. Watkins, for Cross-defendant and Respondent.

_____

Cross-complainant and appellant Grag Kurzulian appeals from the trial court's order granting his motion to enforce settlement agreement. Kurzulian contends the trial court made an impermissible change to a material term of the settlement agreement by requiring him to advance one-half of the cost of an accounting agreed to in the settlement. Kurzulian maintains that the parties agreed cross-defendant and respondent Alexander Shvartsman would pay for the accounting, and that they did not include any terms requiring Kurzulian to advance part of the cost. Kurzulian requests the cause be remanded to the trial court with instructions to enforce the settlement without any reformation or modification to the terms agreed to by the parties.

The agreement at issue requires an accounting of Julal Construction, Inc., of which the parties are former partners, and defers entry of judgment until a specified date before which the accounting is to have been completed. Judgment has not been entered. On June 17, 2013, this court issued an order to show cause why the appeal should not be dismissed due to lack of jurisdiction. Kurzulian timely filed a letter brief asserting that no issues remain for judicial consideration, and that the order is final and appealable in substance although the trial court has not dismissed the case. He alternately requests the appeal be "saved" because the order was preliminary to a rendition of final judgment, and thus a defect in formality, or that the court exercise its discretion to issue a writ of mandate. The appeal is dismissed.

The "existence of an appealable judgment is a jurisdictional prerequisite," which this court is obligated to review. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "California is governed by the 'one final judgment' rule which provides 'interlocutory or interim orders are not appealable, but are only "reviewable on appeal" from the final judgment.' [Citation.] The rule was designed to prevent piecemeal dispositions and costly multiple appeals which burden the court and impede the judicial process. [Citations.] In keeping with this rule, [Code of Civil Procedure] section 904.1 generally authorizes appeals from superior court judgments, except those which are interlocutory. ([*Id.,*] subd. (a)(1).)" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292-1293.) It is

2

the substance and effect of the adjudication, and not the form, which determines if the order is interlocutory and nonappealable, or final and appealable. (*Belio v. Panorama Optics, Inc*. (1995) 33 Cal.App.4th 1096, 1101.) If no issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory. (*Ibid*.)

The order to enforce settlement agreement does not end the litigation in form or in substance. The agreement specifically requires that judgment *not* be entered until a specific date after the accounting has been completed. The settlement agreement also leaves much undone. The parties must agree to an accountant, come to a consensus as to materials to be submitted to the accountant, and resolve any disputes over the content of the materials submitted, among other things. It is not an appealable final order.

We further decline to exercise our discretion to "save" the appeal. The order is not merely preliminary to a final judgment, nor was the final judgment "omitted" from the order as in the cases Kurzulian cites—the parties expressly provided for entry of the judgment to be delayed in the agreement. This is not a situation in which saving the appeal would be appropriate. (See *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695 ["While our discretion might be properly exercised when an appellant finds himself without an appealable order because of simple inadvertence or mistake [citation], extricating [appellant] from a problem of his own making is not a proper exercise of our discretion."].)

Nor do the circumstances warrant issuance of a writ of mandate. (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25 ["Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders."]; *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 301.)

3

## DISPOSITION

The appeal is dismissed.  Parties are to bear their own costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.

4