Filed 3/5/24  Taylor v. Valdez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHELLE TAYLOR,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DANNY VALDEZ,<br><br>Defendant and Respondent. | F084884<br><br>(Super. Ct. No. S1501PT34263)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Raymonda B. Marquez, Judge.

Roger I. Stein for Plaintiff and Appellant.

Danny Valdez, in pro. per., for Defendant and Respondent.

-ooOoo-

**INTRODUCTION**

This case involves an appeal following an order of contempt in favor of respondent Danny Valdez and against appellant Michelle Taylor.  Appellant argues the

trial court lacked substantial evidence to justify the order of contempt. As explained below, however, we have no jurisdiction to consider this appeal, and therefore dismiss it.[1]

## BACKGROUND

The underlying matter here is a family law case that has apparently been ongoing for some time. Respondent filed an order to show cause and affidavit for contempt, alleging appellant failed to abide by one of the court's prior orders: namely, an order from September 18, 2018, that the couple's children be placed on appellant's health insurance, rather than respondent's. Respondent initially sought 27 counts of contempt—one for each month appellant had failed to follow the court's order—but counts 1, 26, and 27 were dismissed prior to the court trial.

Respondent testified appellant had previously advised the court she had insurance through her job with the Department of Defense and it was available to cover the children.[2] Respondent was also employed by the Department of Defense, and the children were on his health insurance. Evidence was introduced by respondent showing appellant had asserted she would never provide health insurance for the children.

Appellant's defense was that she could not provide health insurance for the children, because they were already enrolled on respondent's health insurance, and the federal government will not support dual coverage of the children of two employees. According to appellant, she contacted respondent asking him to drop the children from his insurance so she could add them to hers. Appellant testified respondent refused to

---

[1]     We recognize respondent here requested oral argument; however, because we lack jurisdiction, we find oral argument on the merits would be moot and deny this request. (Cal. Rules of Court, rule 8.54(b)(2); *Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750 [dismissal for lack of jurisdiction "not only is not on the merits, it is unreflective of the merits"].)

[2]     We recount this background in the light most favorable to the lower court's finding, consistent with the law. (*Cochrum v. Costa Victoria Healthcare, LLC* (2018) 25 Cal.App.5th 1034, 1044; *Hirst v. City of Oceanside* (2015) 236 Cal.App.4th 774, 782.)

work with her for that purpose. However, respondent introduced evidence that the Office of Personnel Management ("OPM") would respond to any court order provided, and appellant merely needed to send OPM the court order to have the children transferred to her insurance.

Appellant also testified that, in her opinion, the prior court order did not explicitly order her to maintain health insurance for her children, because it only required this if it was "available to me at a reasonable cost." Appellant contended health insurance for the children was not "available" to her, because the children could only be covered by one federal employee. She also confirmed she had not reached out to OPM regarding the court order because, in her opinion, the court's order did not require her to provide coverage. Appellant testified she had never provided medical insurance for the children and confirmed she told respondent she would not do so.

On July 15, 2022, the trial court found a prior order of the court was made on September 18, 2018, requiring appellant to maintain health insurance coverage for her children, if available at a reasonable cost through her place of employment.[3] The court also found appellant conceded awareness of the order, and was capable of complying. Further, the court found no evidence showing appellant had diligently sought to comply, but rather felt she did not need to, because the "court order does not explicitly state … which person should cover." Because this clearly ran contrary to the court's prior order, which directed her to provide coverage, and because she had taken insufficient steps attempting to comply, the court found appellant had the ability to comply but willfully disobeyed the order. Accordingly, the court found appellant guilty on counts 2 through 24, and imposed a sentence of community service of 25 hours per count, for a total of 600

---

[3]     All factual findings were made beyond a reasonable doubt, per the trial court, as contempt is a quasi-criminal proceeding. (*In re M.R.* (2013) 220 Cal.App.4th 49, 57.)

hours; however, the court also stayed 550 hours of the community service pending proof that appellant was providing medical insurance for the children within 90 days.

Notice of appeal was filed by appellant on September 2, 2022.

## ANALYSIS

Before reaching the merits of this appeal, we have an independent duty to inquire whether it is within the ambit of this court's jurisdiction to consider. (See *California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 252; *Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.) We conclude that it is not.

"The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive." (Code Civ. Proc., § 1222.) Pursuant to statute, an appeal specifically does *not* lie from "a judgment of contempt that is made final and conclusive by Section 1222." (Code Civ. Proc., § 904.1, subd. (a)(1).) The sole method of obtaining review is by petition for extraordinary writ—either habeas corpus, certiorari, or prohibition, depending on the circumstances. (See *In re Buckley* (1973) 10 Cal.3d 237, 258–259; *In re M.R.*, *supra*, 220 Cal.App.4th at p. 65; *Davidson v. Superior Court* (1999) 70 Cal.App.4th 514, 522.) While we have discretion to treat an appeal from a nonappealable order as a petition for such a writ, such discretion should be exercised only under extraordinary circumstances. (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 744–746; *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366–1367; *Estate of Weber* (1991) 229 Cal.App.3d 22, 25.)

This is an appeal from an order of contempt, which is, according to statute and well-established case law, not appealable. Appellant's statement of appealability merely notes that the trial court "entered judgment of guilty"[4] on July 15, 2022, with no citations to law or other authority demonstrating the appeal is appropriate. We therefore have no

---

[4] The record contains no indication a judgment was entered; rather, the court issued an order finding contempt and imposing community service.

jurisdiction to consider this appeal.  There is nothing extraordinary or unusual about this case that would warrant us invoking our discretion to treat it as a petition for a writ, and appellant has made none of the showings necessary to demonstrate that any writ petition would be appropriately granted on the record before us.  We therefore dismiss this appeal.

## **CONCLUSION**

For the reasons given above, the appeal is dismissed.  Respondent is awarded his costs on appeal.


DE SANTOS, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.

5.