Filed 3/14/24  Marriage of Wolf and Stillwell CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of DEVINN WOLF and DESTINY STILLWELL. | |
| | D083311 |
| DEVINN WOLF, | |
| Appellant, | (Super. Ct. No. FAMSS2000607) |
| v. | |
| DESTINY STILLWELL, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Bernardino County, Dina Issam Amana, Commissioner, and Michelle H. Gilleece, Judge. Dismissed.

Southern California Lawyers Group and Eric Morris for Appellant.

Law Offices of Dilip Vithlani and Dilip Vithlani for Respondent.

Devinn Wolf and Destiny Stillwell had three minor children together when they filed for dissolution of their marriage.  In December 2020, the superior court entered an order granting them joint legal and physical custody.  The court subsequently issued a written order on October 4, 2022,

in which it explained it misstated the law regarding the appealability of the December 2020 custody orders. On its own motion, the court clarified that the December orders were interim orders. It then ordered that at trial, "the court [would] consider *all facts and circumstances, whether previously argued or not by either party*, in order to determine what custody and visitation orders are in the best interest of the children." (Emphasis in original).

Wolf appeals the court's October 2022 order. Wolf argues that the ruling is appealable as either a discretionary appeal, a collateral appeal, a ruling on a motion in limine,[1] or, alternatively, as an extraordinary writ. As we explain below, we conclude that the December 2020 custody orders were interim orders. The subsequent orders addressing those orders are, likewise, interim orders. Accordingly, we lack jurisdiction to consider this appeal. Because we decline to exercise our discretion to treat this appeal as a petition for writ relief, we dismiss the appeal in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Wolf filed a petition for dissolution and a request for order (RFO) regarding custody and support in January 2020. The court held a two-day evidentiary hearing on Wolf's RFO in September 2020, addressing the issues of child custody, visitation, and child support. At that hearing, Wolf had counsel and Stillwell proceeded in propria persona. In December 2020, the court adopted Wolf's proposed statement of decision without modification (December SOD). The December SOD ordered joint legal and physical custody of the minor children and ordered Stillwell to pay Wolf "guideline child support and guideline spousal support" retroactive to February 2020. The December SOD did not address any of the marital property or debts.

---

[1] The court described the December order as *similar* to an order on a motion in limine, but it is clear that it is not *itself* a ruling on a motion in limine.

2

Following the December SOD, Stillwell retained counsel, and, in May 2021, she filed an RFO to vacate the "interim orders" made in December 2020 under Code of Civil Procedure[2] section 473 for mistake or excusable neglect. In November 2021, while the request to vacate was pending, Stillwell filed an additional RFO to modify the custody and visitation orders, relying on evidence the court heard prior to issuing the December SOD. The court denied her RFO to vacate the December SOD on February 9, 2022.

In response to Stillwell's request to modify the interim orders, Wolf argued that the superior court was estopped from relying on evidence previously considered when the court entered orders in the December SOD. The court heard argument on the issue of collateral estoppel on March 15, 2022. At the hearing, the court told the parties that on the issue of custody, it would only consider new evidence, i.e., evidence of events occurring after the December SOD. Stillwell's attorney noted that there was no request to bifurcate custody from the other issues for final judgment and argued the December SOD was not a final order. Wolf confirmed that neither side "requested a formal trial to finalize all issues and have a judgment entered." The court allowed supplemental briefing on the issue, which the parties submitted in September 2022.

On October 4, 2022, the court issued its written order. The order explained that the court previously misstated the law "regarding the appealability of the orders made on December 15, 2020," and corrected that statement on its own motion, pursuant to section 1008. The court explained that the December SOD orders were "temporary orders and not subject to appeal." The court has not entered final judgment.

---

2     Further undesignated statutory references are to the Code of Civil Procedure.

DISCUSSION

On appeal, Wolf contends the court erred by considering any modification to the December SOD. He maintains that the December SOD was a final custody order that Stillwell failed to appeal. Thus, he contends, collateral estoppel prevents Stillwell from making subsequent RFOs to modify custody that raise some of the same factual issues contained in the December SOD. He further contends the court erred in considering any modification to the December SOD. Wolf argues that the October 4, 2022 order is appealable, either on its own or as a function of the order it corrected. We conclude that it is not.

We note, first, that the court has the inherent authority to correct judicial error in its interim orders at any time prior to final judgment. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1096–1097, 1105 & fn. 4, 1107–1108.) When the court corrects error pursuant to section 1008, the ruling is appealable only when the subject order is a final order. (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 317, *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927–928, fn. 6.) The December SOD is not a final order and cannot reasonably be considered final judgment on *any* of the issues of the dissolution because it did not resolve *all* the issues of the dissolution.

First, we observe that the December SOD established interim orders and that interim orders are not appealable. "Generally, a reviewing court acts in the procedural context of either a direct appeal or a writ proceeding." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Ibid.*) A trial court order is not appealable unless "made so by statute." (*Ibid.*; see also *Smith v. Smith*

4

(2012) 208 Cal.App.4th 1074, 1083 ["In the absence of a statute authorizing an appeal, we lack jurisdiction to review a case even by consent, waiver, or estoppel."].) Because the Family Code contains no statutory provisions governing appeals from child custody orders, "the right to appeal a child custody determination is generally limited to final judgments and orders made after final judgments" under Code of Civil Procedure section 904.1, subdivision (a)(1) and (2). (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.) Consequently, prejudgment rulings that merely decide custody or visitation issues on an interim or temporary basis are not subject to appeal. (See *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 456 ["interim custody orders are nonappealable"].) "A temporary custody order is interlocutory by definition, since it is made pendente lite with the intent that it will be superseded by an award of custody after trial." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559.) Nothing in the December SOD indicated the court intended to terminate the litigation as to dissolution. Further, the court itself described the December SOD as "the initial decision." It stated the matter was "still prejudgment." Wolf confirmed his understanding of the nature of the orders when he confirmed that neither party "requested a formal trial to finalize all issues and have a judgment entered." Consequently, the December SOD is not appealable because it was "preliminary to future proceedings." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654.)

Interim orders in a family law proceeding are not ordinarily appealable where other issues remain to be tried or resolved. (*In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689.) When the court issued the December SOD, Wolf did not even have full financial disclosures and could not calculate final child or spousal support. Further, the December SOD ordered "guideline

5

support" but did not include any numbers or calculations. At a combined trial readiness conference and status conference held in July 2022, Wolf represented to the court that "[t]here are multiple new issues" to be resolved. The parties had not endured a full trial and had not reached judgment in the matter. The record before us is clear that the orders contained within the December SOD were interim orders and did not constitute judgment. Notably, none of the parties proceeded as if it was final and continued to file requests for orders, set evidentiary hearings, and prepare for trial.

The only permissible way to appeal from an order where issues remain to be tried or resolved is when the issues are bifurcated. (§ 904.1, subd. (a)(14).)[3] The court discussed the issue of bifurcation in March 2022, though it appears neither party pursued it. As the court noted, "neither party requested the[ ] issues be bifurcated" and "[t]he court itself did not bifurcate the[ ] issues." Stillwell similarly observed, "[t]he issue was never bifurcated."

Wolf asks alternatively that we construe his appeal as a petition for extraordinary writ relief. When an appellant does not seek writ relief in the first instance, the question is not whether we may, but whether we *should* treat the appeal as a writ petition. As our Supreme Court has explained, although we do have the power to treat an appeal as a petition for writ of mandate, "we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; accord *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 300.) A case may present sufficiently unusual

---

[3] Wolf argues his appeal should be considered a collateral appeal, as resolving an issue collateral to the main issue. Without bifurcation, however, we cannot reasonably consider the issue of custody to be collateral in a dissolution matter.

circumstances where the trial court made a substantive error and judicial economy would not be served by deferring resolution until final judgment. (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 746.)

Here, we discern no unusual or extraordinary circumstances associated with Wolf's appeal, and we decline to treat his appeal as a petition for writ of mandate.

## DISPOSITION

The appeal is dismissed. Appellant to bear the costs of appeal.

KELETY, J.

WE CONCUR:

HUFFMAN, Acting P. J.

CASTILLO, J.